COVENANT HOME, INC. *v.* BOARD OF TAX REVIEW
OF THE TOWN OF CROMWELL
(5365)

DALY, NORCOTT and FOTI, Js.

Argued December 10, 1987—decision released May 17, 1988

*Richard W. Tomc,* for the appellant (defendant).

*Edward T. Lynch,* with whom, on the brief, was *Philip P. Mlynarski,* for the appellee (plaintiff).

NORCOTT, J. The dispositive issue in this appeal is whether the trial court erred in finding that the plaintiff's housing project was being used exclusively for charitable purposes.

The defendant Cromwell board of tax review sustained the action of the town assessor in assessing certain property of the plaintiff, Covenant Home, Inc., and denied the plaintiff tax exempt status under General Statutes § 12-81 (7). The town assessor's action covered the assessments and amounts on the Cromwell grand lists for October 1, 1981, through October 1, 1984. The plaintiff appealed the decision of the board of tax review to the Superior Court which sustained the appeal finding that the housing project should be granted tax exempt status because it was being used exclusively for charitable purposes. Thereafter, the defendant appealed to this court.[1]

The defendant claims that the trial court erred (1) in finding that the plaintiff, Covenant Home, Inc., was used exclusively for charitable purposes, (2) in finding that the plaintiff was organized exclusively for charitable purposes, and (3) in finding that the plaintiff did not and could not receive any subsidy from federal, state or local government. We find error.

Covenant Home, Inc., a duly organized nonprofit Connecticut corporation, operates a semi-independent living facility, Covenant Village, designed for 199 apartments and thirty cottages and a 110 bed medical facility, Pilgrim Manor. The plaintiff provides its residents with multiple levels of care including programs and services which assist its residents medically, socially, psychologically and religiously.

The sole barrier to admission to Covenant Village is age. A person must be sixty-two years of age or older to be a resident. There are no limits on wealth or income with respect to admission. Residents pay an initial

---

[1] The plaintiff's appeal to the Superior Court initially challenged both the denial of the tax exempt status and the amount of the assessments. By agreement of the parties, the trial court separated the issues and ruled only on the denial of the tax exempt status.

"Founder's Fee" averaging $52,000 upon their entry to the facility.[2] Thereafter, they pay a monthly maintenance fee which can run as high as $800. The plaintiff's operation is partially supported by fees and payments received from the residents. The plaintiff has a sliding schedule of charges for the services it provides to residents as a means of partially funding its operations. The schedule of charges has been modified to allow less than affluent individuals to live in the facility. In the past, operating losses, when incurred, were paid for by voluntary donations, contributions and payments received from affiliated religious organizations. The plaintiff, for purposes of accounting, combines the operation and contribution accounts of both Covenant Village and Pilgrim Manor and reports the operations of both facilities as one.

The plaintiff anticipates that the income derived from the charges to its residents, gifts, donations and bequests plus funds from its religious denomination will allow it to break even. It receives no federal, state or local governmental subsidy in conjunction with its housing facility, Covenant Village.[3]

In ruling that the plaintiff is entitled to tax exempt status pursuant to General Statutes § 12-81 (7), the trial court found (1) that "Covenant Home, Inc., is a self-supporting institution in that it operates 'through funds

---

[2] The trial court included in its findings of fact the following language: "[The plaintiff] generally receives a one-time 'Founders Fee' from its residents upon their entry to the facility." It is clear from our review of the entire record, however, that the plaintiff did not introduce any evidence to support the conclusion that Covenant Village had forgiven or reduced the "Founders Fee" for even one person.

[3] In its findings of fact the trial court accepted a stipulation between the plaintiff and defendant's first trial attorney that Covenant Village received no governmental subsidies. The record reveals, however, that the question of whether Pilgrim Manor, the records of which are combined with Covenant Village for accounting purposes, receives or is eligible for governmental subsidy remains open.

derived from the gratuities of the benevolent' '' and (2) that the residents "are cared for completely and thus [the plaintiff] makes it less likely that the residents will become burdens on society and more likely that they will become useful citizens." See *Waterbury First Church Housing, Inc.* v. *Brown,* 170 Conn. 556, 367 A.2d 1386 (1976). The trial court concluded that the plaintiff had proved by a preponderance of the evidence that "Covenant Home, Inc., is 'used exclusively for charitable purposes.' ''

" 'It is . . . not the onus of this court to search the record and transcripts to determine whether the trier of fact could have reached a conclusion other than it did. Rather, this court must focus on the conclusion of the trial court, as well as the path by which it arrived at the conclusion, to determine whether it is legally correct and factually supported [citations omitted]. . . .' '' *United Church of Christ* v. *West Hartford,* 9 Conn. App. 448, 459, 519 A.2d 1217 (1987), aff'd, 206 Conn. 711, 539 A.2d 523 (1988).

We find that the trial court's conclusion was legally incorrect. The issue in the present appeal is controlled by the holding in *United Church of Christ* v. *West Hartford,* supra. We conclude that the factors by which our Supreme Court determined exclusive charitable use and purposes in *United Church of Christ* apply to the virtually identical factual situation of the present case.

Accordingly, the trial court, as a matter of law, erred in concluding that the plaintiff's housing project was being used exclusively for charitable purposes. Because of the disposition of this issue, we need not address the plaintiff's other claims of error.

There is error, the judgment of the trial court is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.