DIANA M. LATHROP *v.* BOARD OF TAX REVIEW OF THE TOWN OF LYME
(6756)

SPALLONE, STOUGHTON and NORCOTT, Js.

Argued December 6, 1988—decision released June 13, 1989

*William J. Willetts, Jr.,* for the appellant (plaintiff).

*Scott W. Jezek,* with whom, on the brief, was *Marguerite T. Friar,* for the appellee (defendant).

SPALLONE, J. The plaintiff appeals from the judgment rendered after the trial court granted the defendant's motion for summary judgment.

The plaintiff, Diana M. Lathrop, inherited certain land upon the death of her husband, Robert H. Lathrop. At the time of his death on September 10, 1982, the land was classified as "open space" land for purposes of tax exemptions afforded under General Statutes § 12-107e[1] and had

[1] "[General Statutes] Sec. 12-107e. CLASSIFICATION OF LAND AS OPEN SPACE LAND. (a) The planning commission of any municipality in preparing a plan of development for such municipality may designate upon such plan areas which it recommends for preservation as areas of open space land, provided such designation is approved by a majority vote of the legislative body of such municipality. Land included in any area so designated

been so classified for more than ten years prior to his death. On October 24, 1983, a year after she had acquired title, the plaintiff applied for and was granted classification of the land as open space.

On September 17, 1986, the plaintiff sold a portion of the land for $275,000. The assessor for the town of Lyme determined that the plaintiff had sold the land during the third year of her ownership and, pursuant

upon such plan as finally adopted may be classified as open space land for purposes of property taxation if there has been no change in the use of such area which has adversely affected its essential character as an area of open space land between the date of the adoption of such plan and the date of such classification.

"(b) An owner of land included in any area designated as open space land upon any plan as finally adopted may apply for its classification as open space land on any assessment list of a municipality by filing a written application for such classification with the assessor of such municipality not earlier than thirty days before nor later than thirty days after the date of such assessment list, provided in a year in which a revaluation of all real property in accordance with section 12-62 becomes effective such application may be filed not later than ninety days after the assessment date in such year. Such assessor shall determine whether there has been any change in the area designated as an area of open space land upon the plan of development which adversely affects its essential character as an area of open space land and, if he determines that there has been no such change, he shall classify such land as open space land and include it as such on such assessment list. An application for classification of land as open space land shall be made upon a form prescribed by the secretary of the office of policy and management and shall set forth a description of the land, a general description of the use to which it is being put, a statement of the potential liability for tax under the provisions of section 12-504a to 12-504e, inclusive, and such other information as the assessor may require to aid him in determining whether such land qualifies for such classification.

"(c) Failure to file an application for classification of land as open space land within the time limit prescribed in subsection (b) and in the manner and form prescribed in subsection (b) shall be considered a waiver of the right to such classification on such assessment list.

"(d) Any person aggrieved by the denial by an assessor of any application for the classification of land as open space land shall have the same rights and remedies for appeal and relief as are provided in the general statutes for taxpayers claiming to be aggrieved by the doings of assessors or boards of tax review."

to the provisions of General Statutes § 12-504a (a),[2] assessed an 8 percent conveyance tax of $22,000, which the plaintiff paid under protest. The plaintiff appealed to the defendant board of tax review, requesting the return of the tax paid. The board denied relief, and the plaintiff appealed to the Superior Court. The defendant moved for summary judgment, and the trial court granted the motion, ruling in its memorandum of decision that a "new [open space land] classification was begun in [the plaintiff's] name on October 24, 1983, when she applied for and was granted such classification." The court held that the plaintiff could not "utilize [the provisions of] General Statutes § 12-504c (k) to 'tack' onto the time period during which her husband held the land as open space." The plaintiff appeals from the summary judgment rendered in favor of the defendant.

[2] "[General Statutes] Sec. 12-504a. CONVEYANCE TAX ON SALE OF LAND CLASSIFIED AS FARM, FOREST OR OPEN SPACE LAND BY RECORD OWNER. (a) Any land which has been classified by the record owner thereof as open space land pursuant to section 12-107e, if sold by him within a period of ten years from the time he first caused such land to be so classified, shall be subject to a conveyance tax applicable to the total sales price of such land, which tax shall be in addition to the tax imposed under sections 12-494 to 12-504, inclusive. Said conveyance tax shall be at the following rate: (1) Ten per cent of said total sales price if sold within the first year following the date of such classification; (2) nine percent if sold within the second year following the date of such classification; (3) eight per cent if sold within the third year following the date of such classification; (4) seven per cent if sold within the fourth year following the date of such classification; (5) six per cent if sold within the fifth year following the date of such classification; (6) five per cent if sold within the sixth year following the date of such classification; (7) four per cent if sold within the seventh year following the date of such classification; (8) three per cent if sold within the eighth year following the date of such classification; (9) two per cent if sold within the ninth year following the date of such classification; and (10) one per cent if sold within the tenth year following the date of such classification. No conveyance tax shall be imposed on such record owner by the provisions of sections 12-504a to 12-504f, inclusive, following the end of the tenth year after the date of such classification by such record owner."

The question before the trial court was whether, on the basis of the undisputed facts and the applicable statutes, the plaintiff was required to pay a conveyance tax on the September 1986 sale of a portion of her property. We agree with the trial court that she was.

General Statutes § 12-504a (a) provides in pertinent part that "[a]ny land which has been *classified by the record owner thereof* as open space land pursuant to section 12-107e, *if sold by him within a period of ten years from the time he first caused such land to be so classified,* shall be subject to a conveyance tax applicable to the total sales price of such land . . . ." (Emphasis added.) *In East Village Associates, Inc. v. Monroe,* 173 Conn. 328, 333, 377 A.2d 1092 (1977), our Supreme Court held that § 12-504a was intended to apply prospectively and that the tax would therefore be applicable if both classification and sale of the land occurred after October 1, 1972, the effective date of that statute. It is undisputed that the plaintiff, the record owner of the land, applied for and was granted classification of the land as "open space land" on October 24, 1983, and that the plaintiff sold a portion of that "open space land" within ten years from the time she caused it to be so classified. It is therefore clear that the conveyance tax imposed by General Statutes § 12-504a (a) was properly assessed against her.

The plaintiff claims that the trial court erred in ruling that General Statutes § 12-504c (k)[3] does not

[3] "[General Statutes] Sec. 12-504c. EXCEPTED TRANSFERS. The provisions of section 12-504a shall not be applicable to the following: (a) Transfers of land resulting from eminent domain proceedings; (b) mortgage deeds; (c) deeds to or by the United States of America, state of Connecticut or any political subdivision or agency thereof; (d) strawman deeds and deeds which correct, modify, supplement or confirm a deed previously recorded; (e) deeds between husband and wife and parent and child when no consideration is received, except that a subsequent nonexempt transfer by the grantee in such cases shall be subject to the provisions of section 12-504a as it would

exempt her from the tax.[4] We disagree. General Statutes § 12-504c specifically describes those transfers of land that are deemed nontaxable events for purposes of determining taxability under § 12-504a. Section 12-504c (k) provides that the provisions of § 12-504a shall not be applicable to "property transferred as a result of death by devise or otherwise." The trial court

be if the grantor were making such nonexempt transfer; (f) tax deeds; (g) deeds releasing any property which is a security for a debt or other obligation; (h) deeds of partition; (i) deeds made pursuant to a merger of a corporation; (j) deeds made by a subsidiary corporation to its parent corporation for no consideration other than the cancellation or surrender of the capital stock of such subsidiary; (k) property transferred as a result of death by devise or otherwise and in such transfer the date of acquisition or classification of the land for purposes of sections 12-504a to 12-504f, inclusive, whichever is earlier, shall be the date of acquisition or classification by the decedent; (l) deeds to any corporation, trust or other entity, of land to be held in perpetuity for educational, scientific, aesthetic or other equivalent passive uses, provided such corporation, trust or other entity has received a determination from the internal revenue service that contributions to it are deductible under applicable sections of the internal revenue code; and (m) land subject to a covenant specifically set forth in the deed transferring title to such land, which convenant is enforceable by the town in which such land is located, to refrain from selling or developing such land in a manner inconsistent with its classification as farm land pursuant to section 12-107c, forest land pursuant to section 12-107d or open space land pursuant to section 12-107e for a period of not less than eight years from the date of transfer, if such convenant is violated the conveyance tax set forth in this chapter shall be applicable at the rate which would have been applicable at the date the deed containing the covenant was delivered and, in addition, the town or any taxpayer therein may commence an action to enforce such covenant. If such action is taken by such a taxpayer, the town shall be served as a necessary party."

[4] The plaintiff argues that, by virtue of § 12-504c (k), the date of classification for purposes of taxation under § 12-504a was the date her husband classified the land. This argument is without merit. Because the conveyance tax act, § 12-504a, did not apply to land transferred as a result of the death of a record owner who had classified the land as open space prior to the effective date of the statute; see *East Village Associates, Inc.* v. *Monroe,* 173 Conn. 328, 333, 377 A.2d 1092 (1977); the statutory exceptions to that tax statute also had no application to the transfer by which the plaintiff received the land. Therefore, § 12-504c (k) did not give the plaintiff her husband's date of classification for purposes of later taxation of an entirely different transfer under § 12-504a.

correctly concluded that this section does not exempt the plaintiff from paying the conveyance tax imposed by the assessor for the town of Lyme pursuant to § 12-504a. The property involved in this case was not "transferred as a result of death by devise or otherwise"; rather, the property was transferred by sale. Thus, § 12-504c (k) does not apply, and the tax was properly assessed pursuant to § 12-504a.

There is no error.

In this opinion the other judges concurred.