[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of a hearing board appointed by the State Board of Education under the provision of 10-186 (b)(2), C.G.S. The decision is dated July 26, 1989 and it upheld the decision of the New Canaan Board of Education dated April 21, 1989, denying the daughter of the appellant, John S. Baerst, the right to attend the public schools of New Canaan
The appellant and his family had resided in New Canaan since 1980 but had moved to a new home in 1985 which had an address on a street located in New Canaan but a large portion of their property was in the town of Norwalk. In early January of 1989 the appellant was advised by the New Canaan Board of Education that school accommodations would not be provided in New Canaan for his daughter. On April 4, 1989 he requested a hearing pursuant to 10-186 (b)(1) of the Connecticut General Statutes.
A hearing was held before the New Canaan Board of Education on April 13, 1989. The appellant thereafter appealed to the State Board of Education under the provisions of10-186 C.G.S. A hearing took place on May 31, 1989 before the hearing officer appointed by the State Board of Education. The appellant bases his appeal on three grounds: CT Page 4673
 (a) The State Board of Education has failed to articulate any proper standards for determining residency for purposes of establishing entitlement to education;
 (b) Its determination was clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
 (c) its determination, absence some rational and appropriate criteria for determining residency, was arbitrary, capricious and characterized by an abuse of discretion.
The State Board of Education counters the appellant's first allegation by maintaining that 10-186 in providing for an appeal to the State Board and a hearing before that board calls for a trial de novo and for a finding of actual residency based upon a preponderance of the evidence and that, thus, the appeal does not involve a state agency's failure to properly inform or delegate authority or to establish guidelines for the exercise of such authority. The State maintains that, in fact, guidelines for the exercise of such authority exist by virtue of the statute which sets forth that the standard of review in residency cases is a de novo determination of actual residency based upon a preponderance of the evidence with the burden of proof on the party claiming ineligibility to receive school accommodations. The Board of Education further maintains that the common law, court decisions and opinions of the attorney general provide adequate guidelines for a hearing before a local board as to residency. The Board counters the second and third allegations of the appellant as to the arbitrary, capricious, abuse of discretion and purely erroneous claims basically by placing emphasis on the word de novo and maintaining that there was, in fact, a full and complete de novo hearing held by the Board of Education hearing officer. The New Canaan Board of Education argues that the findings of the hearing board are supported by substantial and competent evidence in the record that the hearing board acted within its statutory authority in rendering its decision and that the residency test of the New Canaan Board of Education was properly adopted pursuant to the local board's statutory grant of powers and duties.
This appeal is brought under the provisions of the Uniform Administrative Procedure Act. Sec. 4-183, subsection i, provides that the appeal shall be conducted by the court without a jury and shall be confined to the record. Subsection j provides that the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the CT Page 4674 decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon an unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable probative and substantial evidence on the whole record; (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The court finds that substantial rights of the appellant have been prejudiced because the decision of the hearing board was made upon unlawful procedure and was affected by error of law; in other words, the court is of the opinion that subparagraphs 3 and 4 of subsection j of Sec. 4-183 are applicable to this case. The record discloses and all parties have recognized in their briefs that the hearing officer began this hearing based upon an incorrect understanding of the basis for his review. All parties now recognize that the correct standard of review by the state hearing officer in the case of an issue of residency, such as is presented here, is in effect a trial de novo. The hearing officer, however, in his opening statement, said "Connecticut General Statutes Section 10-186
limits the powers of the impartial hearing board of the State Board of Education to a decision as to whether or not the local or regional board of education has acted in an illegal, arbitrary, capricious or unreasonable manner. The issue is not whether or not this impartial board of the State Board of Education agrees or disagrees with the decision of the New Canaan Board of Education or even whether it feels that the decision of the local or regional board of education offers the best solution to the problem, but only whether it thinks of [sic] the local or regional board of education's decision was governed: (1) Without any fixed rules or standards, (2) by will rather than reason, (3) by sudden or unpredictable behavior, or (4) by irrational, foolish, absurd, senseless, or other behavior exceeding the bounds of reason or moderation. The purpose of this hearing is to gain as many facts as possible in order for me to determine whether or not the New Canaan Board of Education has acted in a manner that was illegal, arbitrary, capricious or unreasonable." All parties now agree that the statute is clear in providing that the party which maintains ineligibility must sustain its position by a fair preponderance of the evidence and that this should be akin to a trial de novo in which the hearing officer would determine actual residence. After making his opening statement the hearing officer then ordered the attorney for the appellant to proceed with his case. Mr. Burke, the attorney, did make a statement before proceeding with his case correctly stating the CT Page 4675 law and the standard by which the hearing officer should conduct the hearing. The counsel for the New Canaan Board of Education then made a statement, however, agreeing with the opening statement of the hearing officer. Although the appellant's attorney correctly stated the law in his opening statement, the hearing officer showed no recognition of the correctness of his position. In his opening statement he had told the parties to confine their remarks to the issues raised by the parties at the lower hearing and the decisions based upon that hearing (R-4) and at no time during the hearing did he change that instruction. He had the appellant open the hearing by presenting his case first (R-5), whereas generally the case should have been opened by the appellee since the appellee was the party maintaining the ineligibility of the appellant's daughter and, therefore, had the burden of proof.
Although in his final decision the hearing officer in paragraph two did refer to a hearing de novo and in paragraph 13 referred to proof by a preponderance of the evidence seeming to indicate that he did conduct the hearing according to the statute, such was not the case and a mere statement to that effect cannot cure the error. Counsel were ordered to confine themselves to the same evidence that was presented before the New Canaan board and did in fact follow that instruction. And although the hearing officer after the fact could make a finding of a fair preponderance of the evidence based upon what he heard, we have no way of knowing how the hearing would have proceeded and what he would have heard had he adopted the correct standard to begin with and had he ordered the appellee to present its case first. In the opinion of this court the hearing officer misinterpreted the statute and used the wrong law in his conduct of the hearing to the prejudice of the appellant.
This court cannot substitute its judgment for that of the hearing officer in an appeal under the Uniform administrative Procedure Act and does not intend to do so. It does appear, however, that the same confusion which characterized the hearing was carried over into the hearing officer's memorandum of decision and it is unclear as to whether or not the hearing officer considered all of the evidence which was introduced in the case. Although, as indicated earlier, his opinion recognized the de novo aspect of the hearing and a need for a showing of a preponderance of the evidence, the opinion failed to discuss any other evidence introduced in the case except that which has to do with town's guideline, i.e., the proportion of property in each town and the proportion of taxes paid to each town, as quoted in paragraph 12 of the said decision, thus giving the impression that this evidence was all that was considered by the hearing CT Page 4676 officer during the hearing and leaves open the question as to whether or not he still felt that he had to uphold the town unless he determined that its actions were arbitrary, etc. as he indicated at the beginning of the hearing.
Having in mind that the court conducted this hearing based upon a false premise and discussed only one facet of the evidence in its decision, and also having in mind that although the appellees in their arguments summarily dismiss much of the appellant's evidence as being purely subjective, whereas it is clear that much of this subjective evidence was worthy of consideration (witness the guidelines provided by the state board of education) it becomes unclear as to whether the hearing officer ignored such testimony of the appellant and focused only on the town's principal contention, i.e., majority of the taxes, in which case his action would be improper or whether, in fact, he considered such evidence but, in his opinion, did not give it sufficient weight to overcome that offered by the town, in which case, of course, it would be within his prerogative.
Since it is clear that the hearing officer began the hearing based upon a false premise and conducted the hearing based upon the same premise, it is the opinion of this court that his decision was made upon unlawful procedure and was affected by error of law. Therefore, the court, on that basis alone, orders that the appeal is dismissed and the case remanded to the State Board of Education with direction to appoint another impartial hearing board for the purpose of conducting a hearing on the question involved in this case, in accordance with the provisions of Section 10-186 (b)(2) and (3).
The appellant in his argument raises a constitutional question alleging that the absence of uniform residency criteria violates the appellant's substantive due process rights, and also in arguing that Section 10-186 (b)(4) is unconstitutionally vague because it does not contain a standard of review. The New Canaan Board of Education maintains that the issue of constitutionality cannot now be attacked for the first time in the appellant's brief. As indicated by the appellant, the appropriate time to challenge the constitutionality of the statute is before the court rather than before the hearing board but this should have been done in the pleadings not in the brief. This was not the case and no attempt was made to amend the pleadings to include the constitutional challenge. In addition, this court is of the opinion that Section 4-186 neither denies the appellant due process nor is unconstitutionally vague. It provides the appellant with a hearing before the local board with an appeal to a state board with provision for a hearing in the case of CT Page 4677 residency which is the equivalent of the trial de novo and then provides for an appeal to the superior court if one is aggrieved by that board's decisions.
As to the vagueness charge, this court is of the opinion that although no specific standard of review is indicated in the statute it does, by making the hearing before the state board the equivalent of a trial de novo on the issue of residency open the hearing to all relevant evidence on that issue, including that found in common law decisions, numerous opinions of the Connecticut attorney general and decisions of previous CSBE impartial hearing boards, as well as state guidelines, learned texts, and decisions from other states.
In this case the court finds that the appellant is an aggrieved party, being the father of a child who has been denied an education under the New Canaan educational system. The court also notes that the Norwalk Board of Education was made a party to this hearing by the hearing officer and apparently failed to appear. Contrary to the allegation made by the appellant, however, this is not an indication that the Norwalk Board of Education agrees with the decision of the New Canaan board.
Lest there be no misunderstanding, the hearing officer is cautioned that the issue before him at a successive hearing would be the actual residence of this child, not whether or not the New Canaan Board of Education finding was arbitrary, capricious or unreasonable. And although the statute at no time mentions the word de novo, it does appear that such a hearing would be the equivalent of a de novo hearing with the only evidence considered by the hearing officer being that entered at this hearing rather than a review of all of the evidence before the local board. Exhibits used by counsel before the local board could, of course, be entered by agreement of counsel but perhaps, as in a hearing de novo, they should be marked separately for this hearing. The hearing officer should, of course, hear and consider seriously all relevant evidence offered and should recognize that the primary concern should be the welfare of the child. Although, of course, economic information such as the payment of taxes is entitled to consideration, other evidence, so-called subjective evidence, is also entitled to consideration. The hearing officer should, of course, also recognize that it is the evidence itself which is before him which is to be weighed by him and not the source of the evidence. For example, it would not be for him to determine whether the criteria used by the town, i.e., payment of the majority of the taxes, is a proper or appropriate criteria but, rather, he should take any evidence as to payment of taxes and consider it along with all CT Page 4678 other evidence offered and in determining the actual residence of the child, it should receive no additional weight because it is the criteria used by the town. One can conceive, for example, of this situation (this example does not necessarily embody all of the factors in the instant case) a situation where the main entrance to a residence is in Town A, all or most of the adjoining properties are also in Town A and all face on the street located in Town A, the town line actually cuts through the home so that the bulk of the property and the house are in Town B but that the only access to streets in Town B is through property of others or by walking over streets in Town A. In such a case, giving one's address as a certain number on a street in Town A would not be inappropriate, particularly if this were the number assigned by the post office and mail delivery came from a post office in Town A. Giving such address on one's license would not be inappropriate. It is even doubtful whether this could be labeled subjective evidence. If in addition to all this all of the neighbors' children and the child's playmates went to a school in Town A and the school bus stopped in close proximity to her house and if it were necessary for her to walk some distance onto other streets to find playmates from Town B or to get transportation from Town B, the effect upon the child of such circumstances should be weighed and taken into consideration along with all other evidence. The fact that police, fire and ambulance service would be furnished by Town A even though by some mutual agreement with Town B would also be important. In such a case one would wonder why a mutual agreement would not have been entered into between the towns for the education of the child in Town A.
The court wishes to make it clear that the example used is the court's impression of a fairly clear-cut example of when other evidence might override evidence as to where the majority of the taxes are paid. It was put forth only as an example and the court has chosen to do this only because of the summary way in which the appellees have attempted to dismiss all evidence apart from taxes and the inability, because of the misimpression upon which the hearing was held, the emphasis placed upon the town's guideline in the hearing officer's decision, and the inability to tell from said decision whether or not the hearing officer considered all evidence in arriving at his decision. To put it differently, this court is suggesting that it would be helpful to any Appellate Court if the decision of the hearing officer were to indicate what arguments of the parties had been considered by the hearing board.
HALE, J. CT Page 4679