SOUTHERN NEW ENGLAND TELEPHONE COMPANY *v.*
BOARD OF TAX REVIEW OF THE
TOWN OF BLOOMFIELD
(11144)

LAVERY, LANDAU and FREEDMAN, Js.

Argued January 15—decision released April 27, 1993

*Robert K. Ciulla,* with whom, on the brief, was *Charles R. Andres,* for the appellant (plaintiff).

*Marc N. Needelman,* town attorney, with whom, on the brief, was *W. Herbert Reckmeyer,* for the appellee (defendant).

LAVERY, J. The issue presented by this appeal is whether in a tax appeal pursuant to General Statutes § 12-117a[1] the trial court lacked subject matter jurisdiction because the plaintiff named the "Board of Tax Review, Town of Bloomfield" as the defendant in the citation and served process on the chairperson of the board of tax review instead of on the town clerk. The trial court found that it did not have subject matter

[1] In 1989, the legislature passed legislation to create a state appeals board for property tax review and amended General Statutes § 12-118 to apply to appeals from that board. The state tax review board, however, has yet to be established, and the legislature has continued the original provisions of § 12-118 by public act. The present tax appeal is governed by the provisions of Public Acts 1991, No. 91-221, § 4, as it amends Public Acts 1989, No. 89-231, and Public Acts 1990, No. 90-266. Those statutes were codified in 1993 as General Statutes § 12-117a. For the sake of simplicity, the governing statute will be referred to as § 12-117a.

jurisdiction and dismissed the appeal. We affirm the trial court's judgment.

The plaintiff, Southern New England Telephone Company, brought this tax appeal pursuant to General Statutes § 12-117a from the action of the board of tax review of the town of Bloomfield taken on May 6, 1991. The citation named as the defendant the "Board of Tax Review, Town of Bloomfield," and did not name the town of Bloomfield by itself. Service was not made on the town clerk, the statutory agent for service for the town, but rather on the chairperson of the board of tax review. The board of tax review filed a motion to dismiss pursuant to Practice Book § 143.[2] The trial court granted the motion on the basis of the board's failure to issue and serve a citation to the town to appear before the court. General Statutes § 12-117a provides in pertinent part: "[A]ny person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990 [or] October 1, 1991 . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be *accompanied by a citation to such town or city* to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same time

---

[2] Practice Book § 143 provides: "The motion to dismiss shall be used to assert (1) lack of jurisdiction of the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.

"If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record."

and *served* and returned in the same manner *as is required in case of a summons in a civil action. . . ."* (Emphasis added.)

General Statutes § 52-57, entitled "Manner of service upon individuals, municipalities, corporations, partnerships and voluntary associations" provides in pertinent part: "(a) Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state.

"(b) Process in civil actions against the following-described classes of defendants shall be served as follows: (1) Against a town, upon its clerk, assistant clerk, manager or one of its selectmen; (2) against a city, upon its clerk or assistant clerk or upon its mayor or manager; (3) against a borough, upon its manager, clerk or assistant clerk or upon the warden or one of its burgesses; (4) against a school district, upon its clerk or one of its committee; and (5) against other municipal or quasi-municipal corporations, upon its clerk or upon its chief presiding officer or managing agent. . . ."

In this case the citation named "Board of Tax Review, Town of Bloomfield," rather than the town of Bloomfield. The plaintiff cites a lengthy string of Connecticut Supreme and Appellate Court cases in which the defendant was the board of tax review of various town and cities, but in none of those cases was the issue of citing the wrongly named defendant brought before the court, raised by the court sua sponte, or decided by the court.[3] In addition, in none of those cases

---

[3] The plaintiff cited the following cases in support of its argument that our appellate courts have "repeatedly sanctioned the practice of citing a municipality in a tax appeal by citing the municipal Board of Tax Review": *Einbinder* v. *Board of Tax Review,* 217 Conn. 240, 584 A.2d 1188 (1991); *84 Century Limited Partnership* v. *Board of Tax Review,* 207 Conn. 250, 541 A.2d 478 (1988); *Sachem's Head Assn.* v. *Board of Tax Review,* 190

cited was it noted that service was made on anyone other than the town clerk. The plaintiff also cites *Zodda* v. *Stamford,* Superior Court, judicial district of Stamford-Norwalk, Docket No. CV87-0078849 (August 11, 1987) as authority to support its claim that the town of Bloomfield is the named defendant here. The trial court in *Zodda* held that the naming of the city of Stamford board of tax review properly cited in the city of Stamford. The cases cited in *Zodda* as authority were three Supreme Court cases[4] also cited by the plaintiff in this case, in which the naming of the board of tax

Conn. 627, 461 A.2d 995 (1983); *Uniroyal, Inc.* v. *Board of Tax Review,* 182 Conn. 619, 438 A.2d 782 (1981); *Red Top, Inc.* v. *Board of Tax Review,* 181 Conn. 343, 435 A.2d 364 (1980); *Gorin's, Inc.* v. *Board of Tax Review,* 178 Conn. 606, 424 A.2d 289 (1979); *Birchwood Country Club, Inc.* v. *Board of Tax Review,* 178 Conn. 295, 422 A.2d 304 (1979); *New Haven Water Co.* v. *Board of Tax Review,* 178 Conn. 100, 422 A.2d 946 (1979); *Xerox Corporation* v. *Board of Tax Review,* 175 Conn. 301, 397 A.2d 1367 (1978); *White Oak Excavators, Inc.* v. *Board of Tax Review,* 169 Conn. 253, 363 A.2d 134 (1975); *O'Brien* v. *Board of Tax Review,* 169 Conn. 129, 362 A.2d 914 (1975); *Rolling Hills Country Club, Inc.* v. *Board of Tax Review,* 168 Conn. 466, 363 A.2d 61 (1975); *Torrington Water Co.* v. *Board of Tax Review,* 168 Conn. 319, 362 A.2d 866 (1975); *New Haven Water Co.* v. *Board of Tax Review,* 166 Conn. 232, 348 A.2d 641 (1974); *Lockton* v. *Board of Tax Review,* 162 Conn. 77, 291 A.2d 715 (1971); *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 291 A.2d 715 (1971); *Meriden* v. *Board of Tax Review,* 161 Conn. 396, 288 A.2d 435 (1971); *Johnson* v. *Board of Tax Review,* 160 Conn. 71, 273 A.2d 706 (1970); *Hartford Hospital* v. *Board of Tax Review,* 158 Conn. 138, 256 A.2d 234 (1969); *Lathrop* v. *Board of Tax Review,* 18 Conn. App. 608, 559 A.2d 1160, cert. denied, 212 Conn. 812, 565 A.2d 536 (1989); *Pepe* v. *Board of Tax Review,* 14 Conn. App. 705, 542 A.2d 756 (1988); *Covenant Home, Inc.* v. *Board of Tax Review,* 14 Conn. App. 441, 541 A.2d 130, cert. denied, 208 Conn. 815, 546 A.2d 282 (1988); *Executive Square Limited Partnership* v. *Board of Tax Review,* 11 Conn. App. 566, 528 A.2d 409 (1987); *Midway Green Corporation* v. *Board of Tax Review,* 8 Conn. App. 440, 512 A.2d 984 (1986); *Plunske* v. *Board of Tax Review,* 6 Conn. App. 186, 503 A.2d 631 (1986); *Gaming Systems Corporation* v. *Board of Tax Review,* 4 Conn. App. 106, 492 A.2d 530 (1985).

[4] The trial court in *Zodda* cited *Uniroyal, Inc.* v. *Board of Tax Review,* 182 Conn. 619, 438 A.2d 782 (1981); *Xerox Corporation* v. *Board of Tax Review,* 175 Conn. 301, 397 A.2d 1367 (1978), and *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 291 A.2d 715 (1971). See footnote 3, supra.

review of the town or city was not an issue raised in the case. The Supreme Court in *Montgomery* v. *Branford,* 107 Conn. 697, 700, 142 A. 574 (1928), ruled, however, that in this type of tax appeal the town or city is the proper and necessary defendant and the board of relief (predecessor entity to the board of tax review) is not. The *Montgomery* court took note of the "uniform practice of citing in the town or city in all appeals from the board of relief." Id.; see also *B & G Realty* v. *Windsor Locks,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 392855 (August 22, 1991), 4 Conn. L. Rptr. 571 (1991).

The plaintiff claims not only that the town of Bloomfield is in fact the named defendant in the citation, but also that the failure to serve the town clerk went to the issue of personal jurisdiction, and that the failure to file a motion to dismiss within thirty days of filing an appearance by the defendant was a waiver pursuant to Practice Book §§ 142 and 144.[5] We disagree.

It is a well settled rule that in appeals from administrative decisions, the failure to include the name of a necessary party or defendant in the citation is a jurisdictional defect that renders the appeal subject to dismissal. *Simko* v. *Board of Appeals,* 205 Conn. 413, 419, 533 A.2d 879 (1987), aff'd, 206 Conn. 374, 538 A.2d 202 (1988), and cases cited therein.

"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right

---

[5] Practice Book § 142 provides: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. The motion shall be placed on the short calendar to be held not less that fifteen days following the filing of the motion, unless the court otherwise directs."

Practice Book § 144 provides: "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113 and within the time provided by Sec. 142."

to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . ." (Citations omitted; internal quotation marks omitted.) *Raines* v. *Freedom of Information Commission,* 221 Conn. 482, 489–90, 604 A.2d 819 (1992); *Miller* v. *Conservation Commission,* 27 Conn. App. 590, 595–96, 607 A.2d 1159 (1992). The plaintiff's tax appeal was therefore properly dismissed.

The plaintiff's final claim is that the defective service of process in this case does not implicate the trial court's subject matter jurisdiction. The plaintiff bases this claim on the fact that General Statutes § 12-118 does not specify who must be served. That statute states that the appeal must be served "in the same manner as . . . [in] a civil action" thereby directing one to General Statutes § 52-57 to determine whom to serve. The plaintiff reasons that since the statute does not specifically set out whom to serve, that issue implicates personal jurisdiction and is waived unless a motion to dismiss is filed within thirty days of appearance. Practice Book §§ 142, 144; see footnote 5, supra. We disagree.

In *Brunswick* v. *Inland Wetlands Commission,* 222 Conn. 541, 546–47, 610 A.2d 1260 (1992), our Supreme Court determined that language similar to the § 12-118 reference to § 52-57 set out mandatory requirements for establishing subject matter jurisdiction. The *Brunswick* court wrote: "The procedures that govern an administrative appeal from the decision of an inland wetlands commission are, by virtue of General Statutes § 22a-43 (a), the procedures specified by the Uniform Administrative Procedure Act, General Statutes § 4-183. Under § 4-183 (b), an administrative appeal must include a proper citation in order to invoke the jurisdiction of the court. . . . In administrative

appeals, the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day. 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970 & Sup.) § 18. The citation, signed by a competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . . Section 22a-43 (a) provides that an appeal from an inland wetlands commission shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court. A proper citation, in accordance with General Statutes § 52-45a, is a document that, in addition to describing the parties, the court to which it is returnable, the return date and the date and place for filing an appearance, is signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable.'' (Citations omitted; internal quotation marks omitted.) Id.

In this case, the plaintiff named the board of tax review and served its chairperson rather than naming the town and serving the town clerk as required by § 12-118. We hold that the plaintiff's failure to name and serve the statutorily mandated necessary party in the citation is a jurisdictional defect that renders the administrative appeal subject to dismissal.

The circumstances of this case differ significantly from those encountered by our Supreme Court in *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 559 A.2d 1103 (1989). In that case, the court held that the plaintiff's failure to serve the commissioner of the department of environmental protection when taking an appeal from a decision of the open space and conservation commission of Rocky Hill did not deprive the Superior Court of subject matter jurisdiction to hear the appeal. The court reasoned that

although the statutes that provide for an appeal from an inland wetlands agency require that the commissioner of environmental protection be served notice of the appeal, the statutes do not make the commissioner a party to the appeal. By contrast, the town of Bloomfield is a necessary party to this appeal as we have noted.

We are constrained, however, as was Justice Shea in his concurring opinion in *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* 207 Conn. 67, 75, 540 A.2d 59 (1988), to express our concern with treating "virtually every deviation from the statutory norm as a defect that deprives a court of subject matter jurisdiction and thus to be unwaivable by the parties or subject to such considerations as lack of prejudice that are applied in other proceedings." Nevertheless, Justice Shea added that "[w]e have been traveling down this path for too long . . . to turn back at this late time without some legislative direction." Id.

The judgment is affirmed.

In this opinion the other judges concurred.