[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS APPEAL FROM THE BOARD OF TAX REVIEW
The plaintiff, HH Holding Co., Inc., filed this action appealing from the ruling of the Board of Tax Review of the City of New London. The party named in the action is the Board of Tax Review, City of New London. The party served was the Town Clerk of New London. CT Page 10239
On September 14, 1993, the defendant filed a motion to dismiss the appeal on the ground that the court lacks subject matter jurisdiction because the proper defendant is the City of New London not the Board of Tax Review. The defendant cites two cases to support its position: SNET v. Board of Tax Review,31 Conn. App. 155, 623 A.2d 1027 (1993); Elm City Manufacturing Jewelers, Inc. v. Town of North Haven Board of Tax Review, 9 Conn. L. Rptr. No. 15, 484 (August 30, 1993, Thompson, J.).
The plaintiff filed an objection to the defendant's motion to dismiss on September 14, 1993 in which it argues that its failure to name the City of New London as a party does not deprive the court of subject matter jurisdiction but is an amendable defect.
A motion to dismiss tests the jurisdiction of the court. Reynolds v. Soffer, 183 Conn. 67, 68, 483 A.2d 1163
(1981). Once the jurisdiction of a court is called into question, "[i]t must be disposed of no matter in what form it is presented and the court must fully resolve it before proceeding further with the case." (Internal quotation marks and citations omitted.) Castro v. Viera, 207 Conn. 420, 429, 541 A.2d 1216
(1988).
General Statutes 12-117a provides in relevant part:
 [A]ny person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990 [or] October 1, 1991 . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court.
(Emphasis added.) General Statutes 12-117a.
The failure to include the name of a necessary party or defendant in the citation in an appeal from an administrative agency is a jurisdictional defect. SNET v. Board of Tax Review, CT Page 10240 supra, 160. The town is a necessary party to an appeal brought under General Statutes 12-117a. Id., 160.
The plaintiff argues in its memorandum in opposition to the defendant's motion to dismiss that the is present case distinguishable from SNET because in SNET the plaintiff failed to both name and serve the Town whereas here the plaintiff served the Town Clerk of New London.
However, contrary to the plaintiff's contention, the failure to name the City as a party is not remedied by service upon the Town Clerk. See Elm City Manufacturing Jewelers, Inc. v. Town of New Haven Board of Tax Review, supra.
Accordingly the defendant's motion to dismiss is granted.
Austin, J.