[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON MOTION TO DISMISS(DATED MARCH 23, 1994)]
On June 19, 1991 J. Michael Sulzbach, Commissioner of the CT Page 4907 Superior Court, signed a Citation and Recognizance reading, in part, as follows —
 "By Authority of the State of Connecticut, you are hereby commanded to summon the Town of Madison to appear before the Superior Court. . . ."
The recognizance named individuals as principal and surety "as jointly and severally bound unto said Town of Madison in the sum of $250.00 conditional that the applicant shall prosecute his application. . . ."
The complaint states the applicant (principal, above) is
 "appealing from the action of the Board of Tax Review of the Town of Madison. . . ."
The sheriff's return dated June 20, 1991 indicated that he
 "made due and legal service upon the within named defendant board, Board of Tax Review of the Town of Madison, by leaving a true and attested copy of the original appeal, complaint, citation and recognizance with and in the hands of Elizabeth A. Lynch, Town Clerk of the Town of Madison and duly authorized to accept service for the within named defendant board at said Madison, Connecticut."
The sheriff also left true and attested copies, on June 20, 1991, "at the usual place of abode" — "of the Chairman of the Board of Tax Review of the Town of Madison. . . ."
The return states —
 "Received for Record June 20, 1991 Ruth F. Harris Asst. Town Clerk."
Defendant's motion to dismiss is predicated "on the grounds that the court lacks subject matter jurisdiction over the case". This predicate finds conception in [Southern New England TelephoneCo. v. Board of Tax Review], 31 Conn. App. 155 (1993). In that case the issue presented was that — CT Page 4908
 "the trial court lacked subject matter jurisdiction because the plaintiff named the `Board of Tax Review, Town of Bloomfield' as the defendant in the citation and served process on the Chairperson of the board of tax review [instead] of the town clerk."
SNETCO above at page 156.
In this case the applicant named and service was made on the Town of Madison (via the Town Clerk) "the statutorily mandated necessary party." The sheriff did in fact serve the Town Clerk and the file in this court acknowledges receipt and recording of same on the date of service, June 20, 1991.
The citation was correct. Service was, in fact, proper under the citation's command, receipt was acknowledged and properly recorded. The claimed defect is predicated on the sheriff's return and his classification of the defendant as "Board of Tax Review of the Town of Madison." This classification by the sheriff cannot annul, cancel or "make into nothing," the true facts of a proper citation and actual service on the proper party defendant. There in fact is no subterfuge or ambush. There is no defect in fact in the citation or service. The officer's return is contradicted and the true facts are otherwise. [Cugno v. Kaelin], 341, 343 (1951).
Motion denied.
John N. Reynolds State Trial Referee