[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from a ruling of the Board of Tax Review of CT Page 8338 the Town of Fairfield. The applicant, aggrieved by the Board's decision rendered on March 18, 1994, has appealed to the Superior Court pursuant to the provisions of Conn. Gen. Stat. Sec. 12-117a. Conn. Gen. Stat. Sec. 12-117a permits such an appeal to be filed "within two months from the time of such action. . . ." This appeal was commenced by sheriff's service on the Town Clerk of Fairfield on May 20, 1994, more than two months from the time of the Board's action. The defendant Board moves to dismiss the appeal.
The applicant advances a number of arguments in opposition to the defendant's motion. First he claims that because he submitted a Motion for Leave to Proceed as Indigent on May 17, 1994 (which was also granted on May 17, 1994) and the paperwork from the court was not returned to him until May 19, any late filing was not his fault but the court's and he should not be penalized for this. Second he claims that he personally mailed the application to the Town Clerk on May 17, so that the Town Clerk must have had notice of this action on May 18 in the normal course of events and thus this action is timely. Third he claims that Counts Two and Three state causes of action which are not subject to the time limits under12-117a so that they should not be dismissed in any case. Fourth he claims that the defendant has filed its Motion to Dismiss out of time so that this court cannot entertain it. All of these arguments are without merit.
First a litigant must act not only with diligence but also with common sense in observing the deadlines set forth in statutes. Even assuming the court did not act as speedily as it might have in processing the applicant's request for a waiver of the filing fee, a set of facts that does not appear to be the case here, the applicant cannot use a short, reasonable, and understandable delay in the processing of paper work by a busy Superior Court clerk's office as an excuse for the late filing of a tax appeal. He evidently waited until the day before the running of the appeal time to submit such a request to the court. It is not the responsibility of the court to give instantaneous and extraordinary attention to such a last minute request.
Second, tax appeals are creatures of statute and the procedures set forth to perfect such an appeal must be strictly followed. Southern New England Telephone Co. v. Board of TaxReview, 31 Conn. App. 155 (1993). There is no provision in this or any other state statute allowing an applicant to commence an action, other than a small claims case, by simply mailing the papers to the opponent, without the opponent's waiver of such a CT Page 8339 procedural defect. An action is commenced under Conn. Gen. Stat. Sec. 12-117a through sheriff's service. Such service occurred two days beyond the time prescribed for perfecting such an appeal.
Third, the court expresses no opinion on whether two of the three counts in the appeal relate to matters outside the scope of a tax appeal under 12-117a. They are part of an action so titled and must stand or fall with the first count in terms of this court's jurisdiction over this action.
Finally, the applicant misreads the Practice Book when he claims that the defendant's motion to dismiss is out of time. Conn. P.B. Sec. 142 allows a party to contest jurisdiction through a motion to dismiss filed "within thirty days of the filing of anappearance." Counsel for the Board of Tax Review filed an appearance on June 15, 1994, and moved to dismiss the action on July 14, 1994, within thirty days.
The applicant's appeal was not filed within the time prescribed by the statute. The defendant's Motion to Dismiss is granted.
PATTY JENKINS PITTMAN, JUDGE