[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 15, 1993, the appellants,[1] William J. De Gruchy and S.O.C. Corp., A/K/A Specialists on Call, A/K/A Executive Information Support, A/K/A Data Management Resources (SOC), filed an appeal from a decision of the Connecticut Commission on Human Rights and Opportunities awarding Dina Cipollaro damage on a sexual, harassment claim brought against the appellants. On January 9, 1995, Cipollaro filed a motion to dismiss the appeal on the ground of a lack of subject matter jurisdiction because the appellants failed to name the CCHRO as a party. The appellants filed a memorandum in opposition on February 1, 1995.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v.Department of Human Resources, 225 Conn. 13, 29, 621 A.2d 719
(1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." State v. Malkowski, 189 Conn. 101, 105-06, 454 A.2d 275
(1983). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Raines v. Freedom ofInformation Commission, 221 Conn. 482, 489-90, 604 A.2d 819 (1992); see also Southern New England Telephone Co. v. Board of Tax Review,
CT Page 371731 Conn. App. 155, 160-61, 623 A.2d 1027 (1993).
Cipollaro argues that the appellants failed to name the CCHRO as a party to the appeal, thereby depriving the court of subject matter jurisdiction to hear the appeal. The appellants contend that, even if the process is arguably defective, it was properly served on the CCHRO, who understood that it was a party, and that there was no prejudice to the agency.
The Supreme Court has determined that "[i]f . . . there is an arguable defect in the process that was timely served on the agency . . . rather than a failure to make service at all within the applicable time period, the court does not lack subject matter jurisdiction over the appeal. Under those circumstances, 4-183(d) applies, and the appeal is dismissable only upon a finding of prejudice to the agency." Tolly v. Department of Human Resources,
supra, 225 Conn. 28-29. Furthermore, "[t]he conclusion that the subject matter jurisdiction of the court is implicated only if there is a total failure to serve the agency within the statutory forty-five day period, and not if there is merely a defect in the document timely served on the agency, is also consistent with our established jurisprudence regarding subject matter jurisdiction." Id., 29.
Cipollaro argues that the appellants failed to name the CCHRO as a party because the CCHRO is not included in the caption of the case. Nevertheless, immediately beneath the caption the appeal states
 TO THE SUPERIOR COURT FOR THE JUDICIAL DISTRICT OF STAMFORD/NORWALK AT STAMFORD ON NOVEMBER 10, 1993 COMES WILLIAM J. DE GRUCHY OF 23 SHANNON LANE, COS COB, CONNECTICUT, APPEALING FROM A DECISION AND FINAL ORDER OF THE HEARING OFFICER OF THE CONNECTICUT COMMISSION OF HUMAN RIGHTS AND OPPORTUNITIES ("CCHRO") AND COMPLAINS AND SAYS:
The appeal was served on the CCHRO by certified mail, pursuant to General statutes § 4-183(c)(1). The process and the service were adequate to notify the CCHRO of its status as a party to the appeal in light of the established rule that "every presumption is to be indulged in favor of jurisdiction." (Internal quotation marks omitted.) See Tolly v.Department of Human Resources, supra, 225 Conn. 29. Cipollaro has argued that appellees have been prejudiced in any way. The CCHRO was timely served pursuant to General statutes § 4-183(C) and CT Page 3718 the court has subject matter jurisdiction over the appeal. Accordingly, Cipollaro's motion to dismiss is denied.