[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 18, 2000, the plaintiff, Arvids Birkmanis, filed an appeal from an assessment by the defendant, board of assessment appeals of the town of Chaplin, pursuant to General Statutes § 12-117a. The complaint alleges that the October 1, 1999, revaluation of the Birkmanis property, located at 683 Phoenixville Road, Parcel ID nos. 08-32 and 08-32A, was grossly excessive. The assessor valued the property as follows: Building — $687,000; and Land — $75,000.
The complaint also alleges that the assessor improperly separated the parcel in question and categorized it as commercial when it is zoned residential. Further, Birkmanis alleges that he appealed to the board of assessment appeals, and the board made no changes in the valuations, improperly refusing to even grant a hearing. In his prayer for relief, Birkmanis asks that the assessment of October 1, 1999, be reduced to 70 percent the property's true and actual valuation.
The town has filed a motion (#103) to dismiss this appeal for lack of subject matter jurisdiction on the ground that the plaintiff failed to exhaust his administrative remedies.
"It is a settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . [The Supreme Court has] frequently held that where a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure. . . . [B]ecause the exhaustion doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiff's] claim." Fish Unlimited v. NortheastUtilities Service Co., 254 Conn. 1, 11-12, ___ A.2d ___ (2000).
"The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. . . . The doctrine of exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions CT Page 11706 entrusted to an agency . . . in advance of possible judicial review. . . . In addition, the administrative agency may be able to resolve the issues, making judicial review unnecessary." (Citations omitted; internal quotation marks omitted.) Fish Unlimited v. Northeast Utilities ServiceCo., supra, 254 Conn. 12-13.
The town moves to dismiss Birkmanis' appeal on the ground that the court lacks subject matter jurisdiction because Birkmanis failed to exhaust his administrative remedies. The town argues that, because Birkmanis did not allow a physical inspection of his property to perform an accurate assessment, he failed to utilize the administrative remedies available to him and should be barred from bringing an appeal to the Superior Court. Specifically, the town argues that General Statutes § 12-62 requires the town to perform a physical inspection of the property, and because Birkmanis will not allow such an inspection, he is interfering with the town's statutory duty and should, therefore, be barred from appealing his assessment.
Birkmanis objects to the motion to dismiss on two grounds. First, Birkmanis objects on the ground that he did not refuse entry onto and into his premises, with the exception of his personal home where his wife was seriously ill. Second, Birkmanis objects on the ground that he did utilize all available administrative remedies and that allowing entry for a physical inspection is not one of the statutory requirements.
The town submitted the affidavit of Brenda Fisher, the Chaplin tax assessor, attesting that, prior to her position as town assessor, she worked for John Ryan and Associates, the company that performed the Chaplin revaluations. She further attests that she was assigned to work on the October 1, 1999, revaluation and that Herbert Braasch, the assessor in Chaplin at that time, told her that she could not inspect the Birkmanis property because Birkmanis would not allow it. Fisher also attests that, after accepting the position of assessor for the town, she again contacted Birkmanis, through his attorney Douglas Stearns, and Stearns told her that no inspection of the Birkmanis property would be allowed.
Birkmanis provided the court with a counter affidavit attesting that he, Birkmanis, did not prevent the Chaplin assessor or any of its agents from "inspecting the outside premises of the structure [known as 683 Phoenixville Road]." He further attests that neither he, nor his attorney, instructed the assessor not to inspect the property, with the exception of his dwelling.
At the town's request, and without objection from Birkmanis, an evidentiary hearing was conducted. The testimony at the hearing CT Page 11707 reiterated what was contained in the affidavits. Upon questioning by the town's attorney, John D. Boland, Birkmanis stated, however, that he would allow an inspection of the structures on site only if the tenant, his son, agreed. When questioned by Stearns, Birkmanis also stated that he had received a document from the town explaining the appeals process and that, to the best of his knowledge, he followed that process.
In support of its motion to dismiss, the town relies primarily upon the court's holding in Xerox Corp. v. Board of Tax Review, 240 Conn. 192,690 A.2d 389 (1997). There, the court held that the trial court had improperly dismissed the plaintiff's appeal from the town's personal property tax assessment. The Superior Court had dismissed the appeal on the ground that the plaintiff had failed to "file with the assessors a list of his taxable property and furnish the facts upon which valuationsmay be based," as required in a personal property tax assessment appeal. (Emphasis in original.) Id., 205. The Xerox case, however, did not discuss the issue of administrative exhaustion, and the statutory requirements interpreted therein; see General Statutes §§ 12-42 and12-43; do not apply to the assessment of real property, which generally need not be included in the list of taxable property; see General Statutes § 12-41 (d). Accordingly, the Xerox case does not support the defendant's argument that the plaintiff has failed to exhaust his administrative remedies.
The town also relies upon Pitt v. Stamford, 117 Conn. 388, 167 A. 919
(1933), where a taxpayer was barred from asserting error on the part of the assessor because he gave inaccurate information for purposes of his real property assessment. The town argues that this case provides the court with "clear authority" to allow an extension of the "Xerox
principle to the real property sphere." Again, as with the Xerox casePitt did not involve the issue of exhaustion. The holding in Pitt v.Stamford, supra, 117 Conn. 388, went to the merits of the plaintiff's claim. Also, the town, in its memorandum, apparently fails to recognize that the statutory obligations of a taxpayer in 1933 are not necessarily the same as those of the year 2000. The court in Pitt v. Stamford,
supra, stated that "[o]ur statutory provisions clearly indicate that the burden as to furnishing the facts upon which valuations for taxing purposes are to be based is upon the property owner. Section 1126 of the General Statutes [revised to 1933] requires that in giving in his list he make a separate description of each parcel of real estate. . . ." Id., 393. Such a requirement is no longer mandated by our General Statutes in reference to real property. See Public Acts 1961, No. 61-517, § 127; General Statutes § 12-41 (d).
The statutory remedies available to Birkmanis do not mandate that he allow a physical inspection to file an appeal. Whether Birkmanis can CT Page 11708 sustain his burden of proof in this appeal, without allowing a full inspection, is yet to be seen, however.
General Statutes §§ 12-111 and 12-112 provide that an appeal from the action of an assessor to the board of assessment appeals must be taken before the twentieth of February following the assessment made the previous fall. General Statutes § 12-117a provides, inter alia, that a person who is aggrieved by the action of a board of assessment appeals must appeal to the Superior. Court "within two months from the time of such action." The town has submitted no evidence, nor made any allegation, that Birkmanis failed to adhere to these statutory requirements. Rather, the town wants this court to extend the requirements of the General Statutes by requiring, as a jurisdictional prerequisite to an appeal, that a plaintiff allow a physical inspection of its property by the assessor or its agent. This court, however, will not extend specific statutory procedures.
"For us to conclude [otherwise] would confute the established rule that it is not the function of courts to read into clearly expressed legislation provisions which do not find expression in its words."Greenwich v. Liquor Control Commission, 191 Conn. 528, 537, 469 A.2d 382
(1983). The administrative appeals process is well-settled. "Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of . . . by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Raines v. Freedom of InformationCommission, supra, 221 Conn. 489-90; Southern New England Telephone v.Board of Tax Review, supra, 31 Conn. App. 160. This court would be exercising authority well beyond that with which it is vested if it were to read additional requirements into the specific appeals process set forth in General Statutes § 12-111 et seq. Accordingly, the town's motion to dismiss is denied.
Foley, J.