[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The defendant moves to dismiss this tax appeal for lack of subject matter jurisdiction for the reason that the plaintiff has failed to name the Town of North Haven as a party. In so moving, the defendant relies upon Connecticut General CT Page 6483-EE Statutes 12-117a and the holding of the Appellate Court in Southern New England Telephone Company v. Board of Tax Review, 31 Conn. App. 155 (1993).
Sec. 12-117a provides in part:
 Any person . . . claiming to be aggrieved by the action of the Board of Tax Review in any town or city . . . may . . . make application, in the nature of an appeal therefrom, to the Superior Court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appeal before said Court.
In Southern New England, the plaintiff named the "Board of Tax Review, Town of Bloomfield" as the defendant, rather than the town itself, and served its chairperson. In upholding the dismissal of the appeal, the court held that ". . . the failure to include the name of a necessary party or defendant in the citation is a jurisdictional defect that renders the appeal subject to dismissal. Southern New England Telephone Co. v. Board of Tax Review, supra, at p. 160. CT Page 6483-FF
Likewise in this case, despite the assertions by the plaintiff to the contrary at oral argument, the only defendant named in the citation is the Town of North Haven Board of Tax Review. The plaintiff correctly points out that in Southern New England, not only did the plaintiff fail to name the town as a party, but made service only on the chairperson of the Board of Tax Review, whereas in the instant case, service was made on the Town Clerk pursuant to the citation in the appeal. However, if the town is a necessary party as has been held in the Southern New England Telephone Co. case, failure to name the town as a defendant is not remedied by a direction to summon the Board of Tax Review by leaving a copy of the appeal with both the Town Clerk and the Clerk of the Board of Tax Review. Accordingly, the motion to dismiss is granted.
Thompson, J.