[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101
Before the court is a motion to dismiss a tax appeal based on lack of subject matter jurisdiction. The defect raised by the defendant is the failure of the plaintiff to comply with the statute authorizing the appeal which requires that the citation name the town as defendant. In the present case the citation names the Board of Tax Review rather than the town of Fairfield as defendant.
In Southern New England Telephone Co. v. Board of Tax Review,31 Conn. App. 155, A.2d (1993), the court dismissed a tax appeal for lack of jurisdiction where the plaintiff named the board rather than the town as defendant and served the chairman rather than the town clerk. In the present case, the plaintiff did serve the clerk. However, courts applying Southern New EnglandTelephone, supra, and Simko v. Zoning Board of Appeals, 205 Conn. 413, ___ A.2d ___ (1987), have held that the failure to name the town as defendant is a jurisdictional defect that deprives the court of jurisdiction and service on the clerk cannot cure that defect.Fleet Bank v. West Hartford, Tax Review, 10 Conn. L. Rptr. 505
(December 10, 1993, Corradino, J.); Andover Ltd. v. Board of TaxReview, 10 Conn. L. Rptr. 431 (December 6, 1993, Hennessey, J.);HH Holding Co. v. Board of Tax Review, 10 Conn. L. Rptr. 427
(November 23, 1993, Austin, J.); Trap Falls Realty v. Board ofTax Review, 10 Conn. L. Rptr. 353 (November 15, 1993, Jones, J.);Elm City Manuf. Jewelers v. Board of Tax Review, 8 CSCR 893 (July 29, 1993, Thompson, J.). Accordingly, the motion to dismiss is granted.
MAIOCCO, JUDGE