ROBERT L. KLOPP *v.* COMMISSIONER, DEPARTMENT OF INCOME MAINTENANCE
(11868)

DUPONT, C. J., LANDAU and SCHALLER, Js.

Argued June 9—decision released August 3, 1993

*Robert L. Klopp,* pro se, the appellant (plaintiff).

*Kenneth H. Kennedy, Jr.,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellee (defendant).

SCHALLER, J. The plaintiff appeals from the judgment of the trial court dismissing his administrative appeal filed pursuant to General Statutes § 4-183.[1] The dispositive issue in this appeal is whether the trial court improperly dismissed the administrative appeal on the basis of two alleged deficiencies in the petition for an administrative appeal: (1) the lack of a citation and (2) the failure to provide an adequate return date. We reverse the judgment of the trial court and remand the case for further proceedings.

The pertinent facts are as follows. In July, 1992, the New Haven department of welfare denied the plaintiff's claim for general assistance. The plaintiff requested a hearing from the department of income maintenance regarding the denial of those benefits. After a hearing, the commissioner, on August 25, 1992, upheld the original denial of benefits. On September 4, 1992, the plaintiff filed an administrative appeal in the Superior Court pursuant to General Statutes § 4-183.

The appeal filed by the plaintiff mirrored Practice Book Form 204.9, which provides guidance in appeal-

---

[1] General Statutes § 4-183 provides in pertinent part: "(c) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford . . . . Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions.

"(d) The person appealing, not later than fifteen days after filing the appeal, shall file or cause to be filed with the clerk of the court an affidavit, or the sheriff's return, stating the date and manner in which a copy of the appeal was served on each party and on the agency that rendered the final decision, and, if service was not made on a party, the reason for failure to make service. If the failure to make service causes prejudice to any party to the appeal or to the agency, the court, after hearing, may dismiss the appeal. . . ."

ing a decision of the liquor control commission pursuant to § 4-183. No form in the Practice Book applied specifically to an appeal from the department of income maintenance. Section 4-183, however, governs appeals from both the liquor control commission and the department of income maintenance.

Form 204.9 refers to the "return date" in the opening paragraph and delineates a space in which the return date should appear. The plaintiff followed this format and entered "September 22, 1992," a Tuesday, in the space for the return date.[2]

On September 22, 1992, the defendant filed a motion to dismiss. According to the defendant, the failure of the plaintiff's appeal to include a citation and an adequate return date deprived the court of subject matter jurisdiction. The trial court granted the motion and this appeal ensued. After the parties filed their briefs, our Supreme Court rendered its decision in *Tolly* v. *Department of Human Resources,* 225 Conn. 13, 621 A.2d 719 (1993), which governs our determination of the dispositive issues in this appeal.

I

The plaintiff claims that the trial court improperly relied on the lack of a citation in dismissing his administrative appeal. We agree.

---

[2] The initial paragraph of Form 204.9 reads:
"Appeal from Liquor Control Commission
"To the superior court in and for the judicial district of        at
on (*return date*) comes (*name and residence of appellant*) appealing from a decision of the Liquor Control Commission and petitioning this court to make judicial review thereof and complains and says . . . ."
The plaintiff's opening paragraph stated:
"APPEAL FROM THE DECISION OF COMMISSIONER
OF INCOME MAINTENANCE
"To the Superior Court in and for the judicial district of New Haven on September 22, 1992, comes Robert L. Klopp, P.O. Box 599, New Haven, CT 06503-0599, appealing from a decision of the Commissioner of Income Maintenance and petitions this court to make a judicial review thereof, and complains and says . . . ."

"In administrative appeals, the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day." *Tolly* v. *Department of Human Resources,* supra, 18, quoting, 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 18. In *Tolly* v. *Department of Human Resources,* supra, our Supreme Court held that § 4-183 (c) (1) does not require a citation. The court reasoned that because General Statutes § 4-183 (c) (1) specifically provides for service by certified or registered mail *without the use of a sheriff or other officer,* a citation requirement would be meaningless.

In the present case, General Statutes § 4-183 governs the plaintiff's administrative appeal, just as it governed the administrative appeal in *Tolly*. It follows therefore that, because § 4-183 (c) (1) does not require a citation, the trial court improperly dismissed the plaintiff's appeal on this basis.

## II

The remaining issue is whether the return date appearing in the plaintiff's petition was defective to the extent that it deprived the trial court of subject matter jurisdiction.

We refer again to the decision in *Tolly* v. *Department of Human Resources,* supra, 25–30. There, the plaintiff's administrative appeal referred to a return day, but it did not contain specific language ordering the defendant to appear on or before the second day after the return day. Construing §§ 4-183 (c) and 4-183 (d), our Supreme Court held that if the appealing party timely makes service on the agency, an "arguable defect" in the process served will not deprive the court of subject matter jurisdiction, *unless* the court makes

a finding of prejudice to the agency. Id., 28–29. The court noted that the attorney general had failed to claim any prejudice. Id., 29. The court further explained that "it would be difficult to perceive any [prejudice] because presumably the attorney general knew the significance of a return day stated on an administrative appeal." Id.

In the present case, the form of the plaintiff's appeal mirrored a Practice Book form designed to effectuate an administrative appeal pursuant to § 4-183. On the form, there is a parenthetical directive that instructs the appealing party to insert a return date in the first sentence. The plaintiff followed this command and inserted September 22, a Tuesday. See General Statutes § 52-48 (process in civil action may be made returnable on any Tuesday in any month). The "arguable defect" is the lack of a reference to "Return Date" on the petition.

As in *Tolly* v. *Department of Human Resources,* supra, 29, the plaintiff timely served the appeal and the defendant has not offered any reason why the failure to refer to September 22, 1992, as the return date prejudiced its case. In fact, the attorney general filed the motion to dismiss on the date specified in the petition, September 22, 1992. Further, it is difficult to perceive any prejudice to the office of the attorney general since we presume that that office is familiar with Practice Book forms prescribed for purposes of administrative appeals pursuant to § 4-183. We conclude that, in the absence of any prejudice, the claimed defect does not deprive the court of subject matter jurisdiction.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.