[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS TAX APPEAL FOR NOT NAMING CITY AS A PARTY
Plaintiffs, Trap Falls Realty Holding Limited Partnership ("Trap Falls Realty"), a limited partnership, and Trap Falls Development Corporation ("Trap Falls Development") a corporation, appeal from a decision by defendant Board of Tax Review of the City of Shelton, upholding an assessment of taxes on a parcel of real property. In their appeal, the plaintiffs allege the following facts. On October 1, 1990, pursuant to General Statutes12-62a(b), the assessor of the City of Shelton assessed property known as "Trap Falls Center" located in Shelton, Connecticut. On December 12, 1990, plaintiff Trap Falls Development acquired Trap Falls Center from plaintiff Trap Falls Realty. The plaintiffs appealed to the Board of Tax Review of the City of Shelton alleging that the assessor overvalued and overassessed the property in the October, 1990 assessment. In its decision dated February 26, 1991, the Board upheld the tax assessor's property valuation.
In May of 1991, the plaintiffs appealed to the Superior Court for the Judicial District of Fairfield at Bridgeport from the action of the Board of Tax Review of the City of Shelton. The citation and recognizance were filed on May 8, 1991. The citation named as the defendant the "Board of Tax Review, City of Shelton," and did not name the City of Shelton specifically. The recognizance, however, bound the defendants, as principals, to the City of Shelton itself. Service of process was made by leaving a true and attested copy of the original citation and recognizance with the Town Clerk for the City of Shelton.
On July 23, 1991, the defendant Board filed a motion to dismiss the appeal on the grounds that:
 (1) The court lacks subject matter jurisdiction over the appeal because the plaintiffs did not appeal the decision within the two month period set forth in General Statutes 12-118 (the former General Statutes 12-117a); CT Page 9848
 (2) The citation and recognizance was made returnable to the wrong Judicial District;
 (3 The appeal failed to contain ". . . a citation to such town or city to appear before said court . . ." as required by General Statutes 12-117a.
On November 20, 1991, the trial court granted the defendant's motion to dismiss on the ground that the court lacked subject matter jurisdiction because the plaintiffs failed to file the appeal within the two month appeal period as required by General Statutes 12-117a. The appellate court, in Trap Falls Realty Holding Limited Partnership, et al. v. Board of Tax Review of the City of Shelton, 29 Conn. App. 97, 612 A.2d 814 (1992), cert. denied, 224 Conn. 911 (1992); reversed the decision of the trial court and remanded the appeal for further proceedings.
On February 8, 1993, the appeal was transferred to the Superior Court for the Judicial District of Ansonia/Milford. Accordingly, the defendant's second ground for dismissal was disposed of by the transfer of the appeal. The defendant has filed a supplemental memorandum of law seeking dismissal of the appeal for lack of subject matter jurisdiction because the plaintiffs did not name the City of Shelton as a defendant in the citation as required by General Statutes 12-117a. The plaintiffs have filed an opposing memorandum of law.
Lack of jurisdiction over the subject matter is a proper ground for a motion to dismiss. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985). "Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented and the court must fully resolve it before proceeding further with the case." (Citations omitted.) Castro v. Viera, 207 Conn. 420, 433-34,541 A.2d 1216 (1988). "In determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction shall be indulged." Miko v. Commissioner on Human Rights 
Opportunities, 220 Conn. 192, 198, 596 A.2d 396 (1991).
General Statutes 12-117a provides in pertinent part:
 [A]ny person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment CT Page 9849 list for the assessment year commencing October 1, 1989, October 1, 1990 [or] October 1, 1991 . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court.
(Emphasis added.) General Statutes 12-117a. In a tax appeal brought pursuant to 12-117a, the town or city is the proper and necessary defendant and the board of tax review is not. Southern New England Telephone Company v. Board of Tax Review, 31 Conn. App. 155,160, 623 A.2d 1027 (1993), citing Montgomery v. Branford,107 Conn. 697, 700, 142 A. 574 (1928). In appeals from administrative agency decisions, the failure to include the name of a necessary party or defendant in the citation is a jurisdictional defect that renders the appeal subject to dismissal. Simko v. Board of Appeals, 205 Conn. 413, 419, 533 A.2d 879 (1987). "Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . ." (Citations omitted; internal quotation marks omitted.) Raines Freedom of Information Commission, 221 Conn. 482, 489-90,604 A.2d 819 (1992).
In the present case the citation named "Board of Tax Review, City of Shelton," rather than the City of Shelton. The defendant argues that the court lacks jurisdiction because the plaintiffs failed to cite in the City of Shelton. The plaintiffs claim that the defect in the citation is circumstantial and is amendable.
In Southern New England Telephone v. Board of Tax Review, supra, the plaintiff named the "Board of Tax Review, Town of Bloomfield" as the defendant and served its chairperson rather than naming the town and serving the town clerk as required by General Statutes 12-117a. Id., 162. The appellate court held that "the plaintiff's failure to name and serve the statutorily mandated necessary party in the citation is a jurisdictional defect that renders the administrative appeal subject to dismissal." Id. The plaintiffs in the present case claim that Southern New England Telephone, supra, is distinguishable because the town clerk in that CT Page 9850 case was neither cited in nor served with process, whereas in the present case, service was made on the Town Clerk pursuant to the citation which failed to name the City of Shelton as a defendant in the appeal.
Although the plaintiffs correctly quote the holding in Southern New England Telephone Co. v. Board of Tax Review, 31 Conn. App. 155
". . . that the . . . failure to name and serve the statutorily mandated party in the citation is a jurisdictional defect that renders the administrative appeal subject to dismissal" (emphasis added), the Appellate Court in that case clearly stated that not stating specifically the name of a necessary party is a jurisdictional defect. Id. 160.
Although the plaintiffs cite Miller v. Town of Coventry Zoning Board of Appeals, 7 Conn. Rptr. No. 19, 552 (December 7, 1992), for its retention of an appeal which was served upon an unnamed Town Clerk, they fail to state in their brief that the Court acted upon a specific statutory grant of authority (i.e. 8-8(p)) which permitted that result in zoning appeals. No such authority is set out in the statutes specific to tax appeals. Two other Superior Court cases, DiPietro v. Milford Board of Tax Review, 8 CSCR 27
(1993, and Greenview v. City of Milford, 8 CSCR (1993), cited by the plaintiffs, do not form upon the issue of whether a party was not named in the citation.
The plaintiffs' reliance on Klopp v. Commissioner of Income Maintenance, 32 Conn. App. 335 (1993), and Toll v. Department of Human Resources, 225 Conn. 13 (1993) is misplaced for the reason that those cases specifically address appeals under a section of our administrative procedure act (4-183), and are not by their language specific to tax appeals.
In Elm City Manufacturing Jewelers, Inc. v. Town of North Haven Board of Tax Review, 9 Conn. L. Rptr. 484 (July 29, 1993, Thompson, J.); service was made on the Town Clerk and the Clerk of the Board of Tax Review pursuant to a tax assessment appeal under General Statutes 12-117a, but the plaintiffs failed to name the Town of North Haven as the defendant in the citation. The court in that case, citing Southern New England Telephone v. Board of Tax Review, held that "failure to name the town as a defendant is not remedied by a direction to summon the Board of Tax Review by leaving a copy of the appeal with both the Town Clerk and the Clerk of the Board of Tax Review." Id. Similarly, the plaintiffs in the present case in compliance with General Statutes 12-117a did not CT Page 9851 name specifically the City of Shelton as the defendant in the citation.
This Court is obligated to follow the authority of the higher courts in interpreting strictly the legislative parameters which govern tax appeals, even in view of legislative allowance for amending other civil process. Simko v. Zoning Board of Appeals,206 Conn. 374 (1988; Andrew Ansaldi Co. v. Planning Zoning Commission, 207 Conn. 67 (1988), inasmuch as such appeals are more closely guided by legislative requirements. Id. at 76.
Clearly the Town of Shelton is not named as a party to this tax appeal.
For the foregoing reasons, the motion to dismiss is granted.[1]
Clarance J. Jones, Judge