LYNN SHERMAN *v.* JOHN SHERMAN
(14552)

Dupont, C. J., and Foti and Schaller, Js.

Argued February 28—officially released June 25, 1996

*Richard G. Kent,* with whom was *Ellen A. Jawitz,* for the appellant (defendant).

*Kenneth A. Graham,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (state).

SCHALLER, J. The defendant appeals from the judgment of the trial court dismissing his appeal from a family support magistrate's order. The trial court dismissed the appeal because it determined that it lacked subject matter jurisdiction. The defendant first claims that the trial court improperly dismissed his appeal upon determining that the appeal form filed did not

fulfill the requirements of General Statutes § 46b-231 (n) (2). The defendant's alternative argument is that § 46b-231 (n) (2) is unconstitutional.[1] We affirm the judgment of the trial court.

The record reveals the following facts. On October 27, 1994, at the conclusion of a contested support hearing at which the defendant appeared pro se, a family support magistrate ordered the defendant to pay child support in the amount of $183 per week. The magistrate also found an arrearage of $34,038 as of October 24, 1994. The magistrate ordered the defendant to make a lump sum payment of $1500 on the arrearage.

On November 7, 1994, the defendant filed an appeal form (JD-FM-111). The defendant did not file a separate petition with the appeal form. On December 15, 1994, the attorney general moved to dismiss the appeal on the ground that the trial court lacked subject matter jurisdiction.[2] On January 11, 1995, the defendant, then represented by counsel, filed an objection to the motion to dismiss. On January 26, 1995, the attorney general filed its reply brief and the court heard oral argument on the motion to dismiss. On February 7, 1995, the court issued an order dismissing the appeal for lack of subject matter jurisdiction.

We must first address whether this appeal is moot.[3] The attorney general claims that because the defendant has paid the $1500 lump sum on the arrearage, this appeal is now moot. " 'Mootness applies to situations where events have occurred during the pendency of an appeal that make an appellate court incapable of

[1] The defendant claims that § 46b-231 (n) (2) is void for vagueness, violates the right of access to the courts as guaranteed by article first, § 10, of the Connecticut constitution and violates his right to due process.

[2] The attorney general was providing non-aid to families with dependent children support enforcement services pursuant to General Statutes § 46b-231 (t) (3) when the motion to dismiss was filed.

[3] The assistant attorney general raised this issue at oral argument.

granting practical relief through a disposition on the merits. . . . Because this court has no jurisdiction to give advisory opinions, no appeal can be decided on its merits in the absence of an actual controversy for which judicial relief can be granted.'" *Cole* v. *Planning & Zoning Commission*, 40 Conn. App. 501, 505–506, 671 A.2d 844 (1996), quoting *Bakerville Lumber & Construction Co.* v. *Planning & Zoning Commission*, 38 Conn. App. 212, 213, 659 A.2d 758 (1995). Because the defendant's appeal could have challenged more than the $1500 lump sum payment,[4] namely the total amount of the arrearage, we conclude that the payment of the $1500 does not render this appeal moot.

I

The defendant claims that he complied with § 46b-231 (n) (2) by filing the appeal form within fourteen days of the family magistrate's order. The right to appeal from a family magistrate order to the Superior Court is created by § 46b-231 (n). Section 46b-231 (n) (2) provides in pertinent part: "Proceedings for such appeal shall be instituted by filing a petition and payment of a fifty-five dollar filing fee in superior court for the judicial district in which the decision of the family magistrate was rendered not later than fourteen days after filing of the final decision . . . ." The defendant argues that the appeal form he filed is the functional equivalent of the petition required by the statute. We are not persuaded.

"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities*, 201 Conn. 350, 356, 514 A.2d 749 (1986); *Norwich Land Co.*

---

[4] We do not know the basis on which the defendant would have challenged the family magistrate's order because his appeal form did not set forth specific grounds. See part I of this opinion.

v. *Public Utilities Commission*, 170 Conn. 1, 6, 363 A.2d 1386 (1975). Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. *Basilicato* v. *Department of Public Utility Control*, 197 Conn. 320, 322, 497 A.2d 48 (1985); *Royce* v. *Freedom of Information Commission*, 177 Conn. 584, 587, 418 A.2d 939 (1979). *Vernon Village, Inc.* v. *Carothers*, [217 Conn. 130, 142, 585 A.2d 76 (1991)]. . . . *Raines* v. *Freedom of Information Commission*, 221 Conn. 482, 489–90, 604 A.2d 819 (1992). Dismissal is required in such a situation because, if the appellant lacks standing to appeal the case, the court lacks jurisdiction to hear the appeal. *Rose* v. *Freedom of Information Commission*, 221 Conn. 217, 223, 602 A.2d 1019 (1992)." (Internal quotation marks omitted.) *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 234 Conn. 624, 640, 662 A.2d 1251 (1995).

The defendant concedes that no petition was filed as required by the statute.[5] The defendant's contention that the appeal form is the functional equivalent of the petition and thus satisfies the statutory requirement is unavailing. The function of the petition is to make the court and opposing parties aware of the alleged error or defect from which the aggrieved party seeks redress. See *Beckish* v. *Manafort*, 175 Conn. 415, 419, 399 A.2d 1274 (1978) (plaintiff must allege facts that if proven

---

[5] The defendant relies on *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities*, supra, 201 Conn. 356, for the proposition that the use of an improper form to commence an appeal is not a jurisdictional defect. We note, however, that our Supreme Court's conclusion in *Chestnut Realty, Inc.*, was limited to the situation in which the form's use as a writ of summons, although the incorrect form under our rules of practice, fulfilled the statutory requirements. Id., 356–57. We further note that both Practice Book Form 103.1, the form used, and Practice Book Form 204.7, the correct form, were required to be accompanied by a complaint. See *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities*, supra, 355. The requirement of an accompanying complaint was not at issue in *Chestnut Realty, Inc.* The case now before this court concerns the absence of a petition that should have accompanied the appeal form.

would constitute aggrievement as prerequisite to trial court's jurisdiction over subject matter of appeal).

There is no place on the appeal form for the appellant to state the reasons for the appeal. In fact, the appeal form states in two places that it should be filed with a petition attached. Because the defendant failed to comply with the requirements of the statute, he lacked standing to appeal the order. Because the defendant lacked standing, the court lacked jurisdiction and properly dismissed the appeal. *Basilicato* v. *Dept. of Public Utility Control*, supra, 197 Conn. 320; *Royce* v. *Freedom of Information Commission*, supra, 177 Conn. 584.

## II

The defendant next claims that § 46b-231 (n) (2) is unconstitutional.[6] We decline to address his claims. "[A] party 'cannot seek the relief provided in an ordinance or statute and later in the same proceeding raise the question of its constitutionality.' " *D'Addario* v. *Planning & Zoning Commission*, 25 Conn. App. 137, 141, 593 A.2d 511 (1991), quoting *Florentine* v. *Darien*, 142 Conn. 415, 428, 115 A.2d 328 (1955); see also *Society for Savings* v. *Chestnut Estates, Inc.*, 176 Conn. 563, 567, 409 A.2d 1020 (1979). The defendant in this action sought the benefits of an appeal pursuant to § 46b-231 (n) and, after failing to comply with the statutory provisions, sought to challenge the constitutionality of the statute. Any relief arising from unconstitutionality cannot be claimed in this action.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] See footnote 1.