## CHERIE GREENE *v.* PHILLIP BYNUM
## (AC 15886)

Heiman, Spear and Stoughton, Js.

Argued April 29—officially released July 29, 1997

*Gail M. Barto*, assistant attorney general, with whom were *Stephen J. McGovern*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, and *Donald M. Longley*, assistant attorney general, for the appellant (state).

*Daniel W. Adelman*, for the appellee (defendant).

*Opinion*

STOUGHTON, J. This is an appeal by the state of Connecticut from the judgment of the trial court on an appeal from the decision of a family support magistrate that had reinstated a child support order.[1] The trial court reversed the decision of the family court magistrate because it determined that the magistrate had failed to follow statutory guidelines and that the defendant had not received adequate notice. The state did not appear at the hearing before the trial court and, following the hearing, asserted that it had not received notice of the hearing.

On appeal, the state claims that the trial court (1) lacked subject matter jurisdiction because the defendant's appeal was not filed within the fourteen day appeal period, (2) lacked subject matter jurisdiction because the petition failed to set forth facts showing aggrievement, (3) lacked personal jurisdiction because the agency created to administer programs mandated by Title IV-D of the Social Security Act[2] was not served,

---

[1] The state is entitled to representation by the attorney general "in all actions for child or spousal support in all cases in which the state is furnishing or has furnished aid or care to one of the parties to the action . . . ." General Statutes § 46b-231 (t) (1).

[2] The IV-D agency is "the agency created by section 17b-179, the Child Support Enforcement Bureau of the Department of Social Services, to administer the child support program mandated by Title IV-D of the Social Security Act . . . ." General Statutes § 46b-231 (b) (13).

and (4) lacked personal jurisdiction because the named petitioner was not served. Because we agree with the second of these claims and reverse the judgment of the trial court, we find it unnecessary to consider the other claims.

The plaintiff, Cherie Greene, is a recipient of Title IV-D child support services.[3] On March 3, 1987, the state petitioned on behalf of Greene to establish that the defendant was the father of her child. On June 11, 1987, the Superior Court rendered judgment against the defendant and ordered him to make certain support payments. Thus began a series of efforts by the state to collect support payments from the defendant. The defendant filed a number of motions for modification, many of which resulted in temporary modifications of the original support order. He frequently failed to appear after continuances had been granted to enable him to look for a job. Finally, after a temporary modification had been continued for review on December 19, 1995, the defendant once again failed to appear. The family support magistrate on that date reinstated the original support order.

The defendant purported to appeal from the decision of the family support magistrate pursuant to General Statutes § 46b-231. Proceedings for such an appeal are instituted by filing a petition. General Statutes § 46b-231 (n) (2). On December 29, 1995, the defendant filed a document bearing the caption of the case and entitled "Petition." The body of the petition, in its entirety, stated as follows: "The Defendant in the above-captioned matter respectfully requests that the court schedule a hearing relative to the attached appeal." What was attached

---

[3] Title IV-D child support services arise under the statutory scheme set forth in 42 U.S.C. chapter 7 (Social Security), subchapter IV (Grants to States for Aid and Services to Needy Families with Children and for Child-Welfare Services), part D (Child Support and Establishment of Paternity). Administration in Connecticut is in the family support magistrate division of the Superior Court. See General Statutes § 46b-231 et seq.

to the petition was form JD-FM-111, which simply identified the case.

We have recently said that "[t]he function of the petition is to make the court and opposing parties aware of the alleged error or defect from which the aggrieved party seeks redress." *Sherman* v. *Sherman,* 41 Conn. App. 803, 807, 678 A.2d 9 (1996).[4] In *Sherman,* the appeal form JD-FM-111 was filed with no petition at all. The petition in this case contained no reasons for appeal and nothing to indicate any error or defect from which the defendant sought redress. It was the equivalent of no petition at all.

The plaintiff argues that the defendant's petition for appeal did not allege aggrievement as required by statute and case law. The defendant's petition not only failed to establish aggrievement, but was devoid of any ground for appeal.

" 'Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them.' *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213 (1952)." *Pagani* v. *BT II, Ltd. Partnership,* 24 Conn. App. 739, 753, 592 A.2d 397, cert. denied, 220 Conn. 902, 593 A.2d 968 (1991).

"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is

---

[4] Additionally, Practice Book § 479B provides: "Any person who is aggrieved by a final decision of a family support magistrate may appeal such decision in accordance with the provisions of [§ 46b-231 (n)] of the General Statutes. The appeal shall be instituted by the filing of a petition which shall include the reasons for the appeal."

subject to dismissal." (Citations omitted; internal quotations marks omitted.) *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 234 Conn. 624, 640, 662 A.2d 1251 (1995).

By filing an insufficient petition for appeal, the defendant failed to comply with the requirements of the statute and, thus, lacked standing to appeal. See *Beckish* v. *Manafort*, 175 Conn. 415, 419, 399 A.2d 1274 (1978). The trial court, consequently, lacked jurisdiction to hear the appeal from the decision of the family court magistrate. Although the question of the trial court's jurisdiction was not raised at the hearing because the state did not appear at that hearing, subject matter jurisdiction may be raised at any time and, when it is raised, it must be decided.[5] See *Gemmell* v. *Lee*, 42 Conn. App. 682, 685, 680 A.2d 346 (1996); *Cohen* v. *Cohen*, 41 Conn. App. 163, 165, 674 A.2d 869 (1996).

The judgment is reversed and the case is remanded with direction to render judgment dismissing the appeal.

In this opinion the other judges concurred.

---

[5] The state did not waive the question of the trial court's jurisdiction because it raised the issue at its earliest opportunity. The state initially did not move to dismiss the defendant's appeal because it had never received the petition for appeal (and, thus, did not attend the hearing on the appeal). The defendant admittedly mailed the state's copy of the petition to the incorrect address. The state's motion to reargue, filed with the Superior Court subsequent to the hearing on the appeal, was denied. This appeal presented the state with its first opportunity to raise the issue of jurisdiction.