[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. STATEMENT OF APPEAL
The plaintiff, Kenneth E. Wright, appeals from the decision of the defendant, the Zoning Board of Appeals of the Town of Mansfield (ZBA), denying the Wright's application for a finding of zoning agent error.
II. BACKGROUND
Wright is the owner of real property known as 928 Storrs Road. (Return of Record [ROR], Item 7; Affidavit ¶ 2.) On June 24, 1996, three neighbors, including the plaintiff, sent a letter to the Town of Mansfield complaining about a security lighting system installed by the residents of 920 Storrs Road, the Anthonys. (ROR, Item 1.) On August 27, 1996, Curt Hirsch, a zoning enforcement officer for the Town of Mansfield (ZEO), sent a letter to the Anthonys their property lines in violation of the Town of Mansfield Zoning Regulations (zoning regulations). (ROR, Item 3.)
In a letter dated November 13, 1996, the ZEO, pursuant to Article XI, section A. of the zoning regulations,[1] asked the CT Page 14558 Mansfield Planning and Zoning Commission (PZC) to consider whether the Anthonys' lighting system constituted a private nuisance under Article VI, section B.1. of the zoning regulations. (ROR, Item 6; Item 37, p. 172.) The ZEO recommended that the PZC find that the complaint involved a private nuisance which did not affect the health, safety and welfare of the town, and, therefore, it should refuse to enforce the regulation under a discretionary clause provided in the zoning regulations.[2]
(ROR, Item 6.) During meetings held on November 18, 1996, December 2, 1996, and December 16, 1996, the PZC considered the issue and concluded that the complaint concerning the Anthonys' lighting system was "a private nuisance issue which does not significantly affect the health, safety and welfare of the Town of Mansfield." (Supplemental Return of Record [Supp. ROR], Item 6, p. 4.) On December 17, 1997, the ZEO sent Wright a letter stating that he would not take enforcement action in this matter. (ROR, Item 19.)
Wright filed an application to the ZBA on January 16, 1997, appealing the PZC determination that the Anthony's lighting system constituted a private nuisance issue and claiming zoning agent error. (ROR, Item 21.) After considering the Town Attorney's opinion that the ZBA did not have jurisdiction in the matter, the ZBA denied the plaintiff's application for a finding of ZEO error.[3] (ROR, Items 35, 36.) The plaintiff now appeals from the defendants decision pursuant to General Statutes § 8-8.
III JURISDICTIONAL PREREQUISITES
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. A party may only take advantage of the statutory right to appeal by strict compliance with the statutory provisions by which it is created. Bridgeport Bowl-O-Rama, Inc. v. Zoning Board ofAppeals, 195 Conn. 276, 283, 487 A.2d 559 (1985).
A. Aggrievement
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over an administrative appeal.Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184,192, 676 A.2d 831 (1996). In the present case, the plaintiff has properly pleaded aggrievement, alleging he is the owner of land that abuts the property involved in the PZC's determination. CT Page 14559 (Amended Appeal, ¶ 1.) Wright has proven aggrievement by submitting a sworn affidavit that attests that he is the owner of land that abuts the allegedly offending property, and the record contains a plot map that further proves this fact. (ROR, Item 29; Affidavit ¶ 2.)
B. Timeliness and Service of Process
General Statutes § 8-8 (b) provides that the appeal shall be commenced by service of process within fifteen days from the date that notice of the decision was published. General Statutes § 8-8 (e) provides that legal process shall be made by leaving a copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. The ZBA held public hearings on April 9, 1997 and May 14, 1997. (ROR, Items 28, 35.) It made its decision on May 14, 1997 and published the decision on May 27, 1997 in The Willimantic Chronicle. (Appeal, ¶ 5; ROR, Item 36.) Wright commenced the appeal on June 10, 1997 by service of process upon the town clerk. (Sheriff's Return.) The town clerk also accepted service on behalf of the chairman of the ZBA. (Sheriff's Return.) Therefore, Wright commenced this appeal in a timely fashion by service of process on the proper parties.
IV. JURISDICTION OF THE ZBA
First, the court must determine whether the ZBA had jurisdiction over the plaintiff's appeal. Wright contends that the ZBA had jurisdiction over his appeal and it acted "arbitrarily, illegally, and in abuse of its discretion" by ruling that it did not have jurisdiction over the appeal. The ZBA and the PZC contend that Wright is really appealing the PZC's determination and the PZC is not the "official charged with enforcement" of the zoning regulations. Therefore, the ZBA and PZC argue that the ZBA did not have jurisdiction over Wright's appeal.
The court must initially determine who is the official charged with enforcement of the zoning regulations at issue. Article XI, section G.1.a. of the zoning regulations provides that the ZBA shall have the power to "hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with enforcement of the regulation." (ROR, Item 37, p. 179.) CT Page 14560 Article XI, section A. of the zoning regulations states in relevant part: "Except as otherwise provided in theseregulations, the Zoning Agent or Agents appointed by and responsible to the Planning and Zoning Commission shall administer and enforce these regulations." (Emphasis added.) (ROR, Item 37, p. 172.)
A. APPEAL OF PZC ENFORCEMENT ACTION
The court deems this action as an appeal from a PZC enforcement action. According to Article XI, section A. of the zoning regulations, the zoning agent shall enforce the zoning regulations except as otherwise provided. (Emphasis added.) (ROR, Item 37, p. 172.) The zoning regulations delegate power to the PZC to determine whether a complaint alleges a private nuisance. If it is found that the complaint alleges a private nuisance, "the Commission need not receive, or act upon such alleged violation or complaint." (ROR, Item 37, p. 37.) This delegation demonstrates that the PZC is really the official charged with enforcement of the regulations.
In Helbig v. Zoning Commission, 185 Conn. 294, 440 A.2d 940
(1981), a zoning enforcement officer sent a notice of violation of a zoning ordinance to the plaintiff. Id., 302. The plaintiff filed an application for recognition of a nonconforming use with the zoning commission. Id. The zoning commission concluded that a preexisting nonconforming use did not exist on the property.Id., 303. The plaintiff appealed to the zoning board of appeals from the decision of the zoning enforcement officer that no nonconforming use existed on his property, but the zoning board of appeals denied the plaintiff's appeal. Id. The Supreme Court found that the zoning ordinance that the zoning commission relied upon to deny the plaintiff's nonconforming use was unconstitutional. Id., 310. Notwithstanding this conclusion, the zoning commission argued that the court should consider the zoning enforcement officer's authority to issue a notice of violation under provisions other than the unconstitutional provision. Id., 319. The court stated that it is "abundantly clear that what was appealed to the zoning board of appeals was not an independent determination of the zoning enforcement officer, but the determination of the zoning commission, acting pursuant to [an unconstitutional zoning ordinance]. We have already pointed out that the zoning enforcement officer had no authority to make a determination of what was, or what was not, a valid preexisting nonconforming use under the ordinance." Id. CT Page 14561
In the present case, the plaintiff appealed to the zoning board of appeals claiming zoning agent error. (ROR, Item 21.1.) According to Article VI, section B.1. of the zoning regulations, "the commission in the reasonable exercise of its discretion . . . may determine that a complaint made pursuant to this section involves a private nuisance, the resolution of which does not significantly affect the health, safety or welfare of the Town of Mansfield. In these situations. the Commissionneed not receive or act upon such alleged violation orcomplaint." (Emphasis added.) The PZC made such a determination with respect to the plaintiff's complaint on December 16, 1996." At the hearing before the ZBA, the ZEO explained to the ZBA that "the Commission made the determination not to enforce and [he] just followed on the Commission's determination." (ROR, Item 28, p. 12.) Because it appears that the PZC has made the determination not to enforce the zoning regulations and the ZEO merely acted upon the direction of the Commission, the Court concludes that the PZC is the "official charged with enforcement" of the zoning regulations, and therefore the ZBA had jurisdiction over the appeal.
Having determined that Wright was in fact appealing from an enforcement decision of the PZC, it must then be determined whether the ZBA denied Wright's appeal on the merits, or whether it denied the appeal because it had declined jurisdiction over the matter. The Court finds that the ZBA erroneously concluded that it lacked jurisdiction over the present appeal. The ZBA held public hearings on April 9, 1997 and May 14, 1997 in which it considered whether the lights constituted a private nuisance. (ROR, Items 28 35.) Before the ZBA members brought the issue to a vote, they engaged in a discussion that indicates that they did not believe that they had jurisdiction over Wright's appeal and denied the application solely on that basis.
Chairman Stephen Marks — Hamilton stated: "We have an issue where we are asking about zoning agent error in NOT enforcing this article about illumination. I think I've already made a couple of statements. I'm kind of in a quandry on this one. It seems to me that here we have a lot of town officials, a lot of public officials, coming together to try to help solve a situation that seems to have been ___ as questions about semantics, there's questions about public and private nuisance, public or private nuisance issue, of terminology. It strikes me that as an elected official I have a certain amount of CT Page 14562 background, but in my background I took the Board's advice last to seek a legal opinion and in my understanding in talking to a legal opinion that we have a situation here where we're not just tal[k]ing about zoning agent error but we're talking about the zoning agent acting upon the actions of the Planning Zoning Commission. When the Planning Zoning Commission decided that it was not a public issue, that it was a private issue, that it took it out of the court of the zoning regulations and that we now have a situation where it may well be unable for us to come to a conclusion on this issue. So, I am likely to think that I wouldconsider that I would not approve the application with astatement stating that I think that this is outside of ourjurisdiction as the Zoning Board of Appeals." (Emphasis added.) (ROR, Item 35, p. 12.) Board Member Julie Wright agreed stating: "I feel that way too. I feel there are certain statements that have been made that seem to contradict each other and I don't think we can make a judgment about that." (ROR, Item 35, p. 12.) Next, Board Member Shirley Katz stated "Once the Planning Zoning Commission's determination that it was a private matter and we mulled over it and over it and over it and read everything, and then you consulted the attorney and he seems to state that it's not within our jurisdiction and I think I have to agree with him on it." (ROR, Item 35, p. 12.) Finally, Board Member Julie Henry stated: "And I agree, the same. I feel that this is an issue, a very heated issue that is best determined at a different level than the Zoning Board of Appeals." (ROR, Item 35, p. 12.) Julie Wright and Julie Henry abstained and Stephen Marks Hamilton and Shirley Katz voted against the motion for a finding of zoning agent error. (ROR, Item 35, p. 13.) Therefore, it issued a denial based upon its erroneous belief that it did not have jurisdiction.
"Our case law further reinforces the de novo nature of the hearing conducted by the zoning board of appeals. It is the board's responsibility, pursuant to the statutorily required hearing, to find the facts and to apply the pertinent zoning regulations to those facts . . . In doing so the board is endowed with liberal discretion . . . It would be inconsistent with these broad grants of power to the board, and with the concomitant procedural limitations thereon, to envision the board's function as anything less than a de novo determination of the issue before it, unfettered by deference to the decision of the zoning officer." Caserta v. Zoning Board ofAppeals, 226 Conn. 80, 90, 626 A.2d 744 (1993). This case must be remanded to the ZBA to examine the plaintiff's appeal de CT Page 14563 novo and, issue its decision accordingly. Without a ruling on the of the case, the court cannot determine whether the ZBA acted "arbitrarily, illegally or in abuse of its discretion." SeeEnsign — Bickford Realty Corp. v. ZoningCommission, 245 Conn. 257, 267 n. 15, ___ A.2d ___ (1998).
Because PZC was the "official charged with enforcement" of the zoning regulations, then it follows that the ZBA had jurisdiction to decide the plaintiff's appeal. Therefore, the Court remands the case to the ZBA to determine the merits of the plaintiff's claim. Until this happens the Court cannot properly entertain an appeal. See Conto v. Zoning Commission,186 Conn. 106, 118, 439 A.2d 441 (1982) (party must exhaust appellate step between zoning commission ruling and the superior court); Camputaro v. Zoning Board of Appeals, Superior Court, Judicial District of Tolland at Rockville, Docket No. 107092 (October 30, 1996, Booth, J.) (hearing required at the local level according to local regulations).
V. CONSTITUTIONAL ISSUES
Wright also challenges the constitutionality of the zoning regulations claiming that they are impermissibly vague and grant the PZC unbridled discretion to refuse to enforce the zoning regulations. The ZBA and the PZC claim that Wright may not challenge the constitutionality of Article VI, section B.4.g. of the zoning regulations because he initially sought relief under this section. The ZBA and the PZC also contend that the PZC may exercise discretion under Article VI, section B.1. to determine whether to enforce the performance standards. Wright's challenge to the constitutionality of the zoning regulations fails.
The plaintiff may bring a challenge to the constitutionality of municipal legislation within a substantive appeal. SeeStafford Higgins Industries, Inc. v. Norwalk,245 Conn. 551, 581-82; ___ A.2d ___ (1998). "When a question of constitutionality is raised, the court presumes validity and sustains the legislation unless it clearly violates constitutional principles. The plaintiff has the burden of overcoming this presumption . . . and that burden is not a `light one.'" (Citations omitted; internal quotation marks omitted.)Helbig v. Zoning Commission, 185 Conn. 294, 304-05,440 A.2d 940 (1981).
Wright contends that Article VI., section B.4.g. is CT Page 14564 unconstitutional. Article VI, section B.4.g states: "Land use activities shall not produce glare, heat or illumination which extends beyond a site's property lines and creates a hazard or nuisance to neighboring property owners or on adjacent roadways. External lighting sources, except for overhead street lighting and warning emergency or traffic signals, shall be screened or shielded from neighboring properties and adjacent roadways." (ROR, Item 37, p. 38.) Wright argues that this regulation is unconstitutionally vague. He further contends that he has not relied upon the first sentence of this regulation when seeking relief. Wright claims that he has sought relief solely under the second sentence of this regulation, which requires shielding of lights from neighbors' properties, and believes that it provides an independent duty from the duty incorporated in the first sentence, which requires that property owners only avoid creating a hazard or nuisance to neighboring property owners.
According to a number of Connecticut cases, a party cannot seek the relief provided in an ordinance or statute and later in the same proceeding raise the question of its constitutionality. See, e.g. Helbig v. Zoning Commission, supra,185 Conn. 298; Sherman v. Sherman, 41 Conn. App. 803, 808, 678 A.2d 9
(1996); D'Addario v. Planning Zoning Commission,25 Conn. App. 137, 141, 593 A.2d 511 (1991). "There are instances, however, when the rule does not apply. It is not applicable when the legislature has provided otherwise . . . It also does not apply when the party challenging the constitutionality of the particular regulation or ordinance does not seek relief pursuant to either." (Citations omitted.) D'Addario v. Planning Zoning Commission, supra, 25 Conn. App. 141. Wright's complaint does not satisfy any exception to the general rule. Wright brought a complaint to the zoning enforcement officer under Article VI, section B.4.g. and, therefore, he may not raise the issue of its constitutionality in this proceeding.
Further, Article VI, section B.4.g. does not provide independent duties to property owners under the zoning regulations. In reading Article VI, section B.4.g., it is clear that the regulation seeks to prohibit any land use activities from producing glare, heat or illumination which extends beyond a site's property lines and [which] creates hazards or nuisances to neighboring property owners or on adjacent roadways." (Emphasis added.) The second sentence of this regulation provides an exception for overhead street lighting, warning, emergency, or traffic signals. It does not change the requirement CT Page 14565 that the glare, heat or illumination shall not create a hazard or nuisance for external lighting sources, which would certainly fit within the broad scope of "land use activities" under the zoning regulations.
Wright also challenges Article VI, section B.1. of the zoning regulations by claiming that the delegation to the PZC of the right to determine whether a complaint constitutes a "private nuisance" is improper and unconstitutionally vague.[4] The PZC and ZBA contend that the regulation presents a valid delegation of authority to the PZC and the regulation is not unconstitutionally vague. The Court concludes that the PZC and ZBA are correct and that Article VI, section B.1. of the zoning regulations is valid.
The Connecticut Supreme Court has upheld "the delegation of legislative authority against constitutional challenge when the ordinance declares a legislative policy and establishes intelligible standards to which the agency must conform."Rocchi v. Zoning Board of Appeals, 157 Conn. 106,113-14, 248 A.2d 922 (1968). In this case, the zoning regulation do contain intelligible standards for the PZC to act upon. A determination of what constitutes a "private nuisance" does not allow the PZC to act in an arbitrary fashion. In Elliot v.Waterbury, 245 Conn. 385, 419, ___ A.2d ___ (1998), the Connecticut Supreme Court listed the four elements of a common-law nuisance claim: "the condition complained of had a natural tendency to create danger and inflict injury upon a person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." (Internal quotation marks omitted.) In Elliot, the plaintiff did not own an interest in land; therefore, the injury could not be sustained as a "private nuisance." Id., 419. The plaintiff had to demonstrate a "public nuisance," which required him to prove that "the nuisance interferes with a right common to the general public." Id., 421.
Article VI, section B.1. states that the PZC may determine that a "complaint made pursuant to this section involves a private nuisance, the resolution of which does not significantly affect the health, safety or welfare of the Town of Mansfield." Under the zoning regulations, it seems apparent that the PZC must determine that a public nuisance does not exist in order to invoke Article VI, section B.1. With "private nuisance" having a CT Page 14566 clear meaning under Connecticut law, the Court finds that Article VI, section B.1. is not unconstitutionally vague.
 CONCLUSION
The matter is remanded to the ZBA in accordance with this opinion.
Klaczak, J.