[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 112)
The issue in this case is whether the court lacks subject matter jurisdiction to hear an appeal from the decision of a CT Page 14124 family support magistrate denying the defendant's "motion to reopen and vacate" a prior judgment. Because the appeal was filed within fourteen days of the magistrate's decision, the court has subject matter jurisdiction to hear the appeal. Therefore, the court denies the motion to dismiss.
In this action, the defendant, Joseph Groves, appeals from a decision of Family Support Magistrate Edmund Miller denying his "motion to reopen and vacate" a former judgment ordering the defendant to pay child support. The state moves to dismiss the appeal on the ground that the court lacks subject matter jurisdiction.
The defendant and his wife were divorced in 1983. On June 8, 1988, Family Support Magistrate Ronald Sullivan entered an order requiring the defendant to pay child support. The defendant did not appeal the judgment. In 1990, the defendant filed a "motion to reopen and modify" a judgment entered on April 11, 1990 setting an arrearage balance. On April 2, 1993, Family Support Magistrate Debra Kochiss-Frankel granted the request to modify, but denied the request to reopen. The defendant did not appeal the denial. On January 12, 1998, the defendant filed a motion to "reopen and vacate" the 1988 judgment. On March 5, 1998, Family Support Magistrate Edmund Miller, referring to the court's 1993 denial of the request to reopen, denied the defendant's motion on the ground of res judicata. Magistrate Miller's decision was filed with the clerk of the Superior Court on February 9, 1999. On February 18, 1999, the defendant filed this appeal from Magistrate Miller's decision.
A "determination regarding a . . . court's subject matter jurisdiction is a question of law. . . . It is well established that hum ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Citation omitted; internal quotation marks omitted.)Lawrence Brunoli, Inc. v. Town of Branford, 247 Conn. 407, 410,722 A.2d 271 (1999).
The state argues that the court lacks subject matter jurisdiction to hear this appeal because the defendant failed to appeal or request a rehearing within fourteen days of the 1993 denial of the "motion to reopen and modify." The state argues that the defendant's 1998 "motion to reopen and vacate" is CT Page 14125 identical to his earlier motion, in that the object of both motions was to attack the child support arrearage resulting from the 1988 support judgment. The state therefore argues that the present appeal is merely a belated attempt to appeal the 1993 judgment.
The defendant argues that the court has subject matter jurisdiction because he timely filed the present appeal. He also argues that the 1990 and 1998 motions are dissimilar. He argues that the 1990 motion requested that the court reopen a judgment entered on April 11, 1990 setting an arrearage balance, but that the 1998 motion requested that the court reopen and vacate the 1988 judgment.
"The right to appeal from a family magistrate order to the Superior Court is created by § 46b-231 (n)." Sherman v.Sherman, 41 Conn. App. 803, 806, 678 A.2d 1 (1996). Section46b-231 (n) of the General Statutes provides, in relevant part:
 "(1) A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section. (2) Proceedings for such an appeal shall be instituted by filing a petition . . . no later than fourteen days after filing of the final decision. . . ."
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it was created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Office of ConsumerCounsel v. Dept. of Public Utility Control, 234 Conn. 624, 640,662 A.2d 1251 (1995). "Dismissal is required in such a situation because, if the appellant lacks standing to appeal the case, the court lacks jurisdiction to hear the appeal." (Internal quotation marks omitted.) Sherman v. Sherman, supra, 41 Conn. App. 807.
In this case, Magistrate Miller's decision denying the defendant's "motion to reopen and vacate" the 1988 judgment was filed with the clerk of the Superior Court on February 9, 1999. On February 18, 1999 the defendant timely filed an appeal from the magistrate's decision.[1] Therefore, this court has subject matter jurisdiction to hear the appeal pursuant to § 46b-231
(n). CT Page 14126
The state relies on the magistrate's decision in Gathers v.Samuel, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 246485 (July 7, 1996, Sullivan, J.), to support its contention that the Superior Court lacks subject matter jurisdiction to hear the pending appeal. In that case, the magistrate concluded that the court lacked subject matter jurisdiction to correct an arrearage previously found and not legally attacked on a timely basis. Id. Significantly, however, the state appealed the magistrate's decision pursuant to §46b-231 (n). The state's reliance on Gathers only serves to support the defendant's position that an appeal timely filed may be heard by the Superior Court, even when the decision appealed is based on the legal concept of res judicata. In Vallas v.Vallas, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 112609 (May 20, 1998, Tierney, J.), the Superior Court also considered an appeal where the magistrate's denial of the defendant's motion was justified on the ground of res judicata. Id.
Accordingly, this court has subject matter jurisdiction to hear the appeal, and the state's motion to dismiss is denied.
CUTSUMPAS, J.