[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On February 10, 1999, the plaintiff Amy Johansen through the Commissioner of Social Services, filed a paternity petition against the defendant Carlos Encarnacion. The defendant was served with the petition in hand on April 6, 1999. The court,Alvord, F.S.M., entered judgment of paternity on April 6, 1999, finding Carlos Encarnacion to be the father of Carina M. Encarnacion. The defendant was unemployed at the time of the paternity hearing. As a result, the hearing on the issue of support was postponed until May 18, 1999, at which time the defendant was to produce evidence of his attempts to obtain employment and pay stubs in the event his job search was successful. Both the plaintiff and defendant appeared in court on May 18, 1999 before Magistrate Alvord at which point the defendant had just started employment at Gentle Touch Car Wash, but was unsure of his wages or the number of hours worked. The hearing was again continued until June 15, 1999, with the defendant being ordered to work a forty hour work week and to present the court with pay stubs to enable the court to set support based on the child support guidelines. The defendant, however, also volunteered to pay $50 per week in child support until the time of the next hearing. The court, therefore, entered a temporary child support order of $50 per week as agreed to by the parties.
On June 15, 1999, the parties appeared before Magistrate CT Page 240 Lifshitz and through the assistant attorney general, Ronald Blanchette, requested another continuance until July 6, 1999 because the defendant was seeking full time employment and was scheduled for a second interview within a few days from the June 15 hearing date. According to the transcript, the magistrate found that there was a full order and an arrearage found. From the limited discussion at the June 15, 1999 hearing, it appears that Magistrate Lifshitz found the order of Magistrate Alvord to be a "full order" and one that would require a motion to modify as opposed to a temporary order simply awaiting confirmation of earnings on which to base a support order.
The state filed an appeal on behalf of the plaintiff on June 21, 1999, claiming that the decision of Magistrate Lifshitz "is contrary to statute, an abuse of discretion, significantly impairs the ability to expedite child support for children, and lacks common legal sense." (Appeal Petition, June 21, 1999, p. 2.)
 DISCUSSION
The first consideration for this court is whether the magistrate's decision in this case presents a judgment or decision from which an appeal can be taken. General Statutes § 46b-231(n)(1) provides that "[a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." The test for determining whether a claimant is aggrieved by a particular decision is two-fold: (1) the party claiming to be aggrieved must have a specific, personal, and legal interest in the subject matter of the decision, and (2) the party must show that this personal and legal interest has been specially and injuriously affected by the decision. Newman v. Newman, 235 Conn. 82, 103,663 A.2d 980 (1995). The court finds that the plaintiff and defendant are aggrieved for the purposes of this appeal because the magistrate's decision marking the hearing off because a "full order" entered injuriously affected their interests in that the plaintiff may not be receiving the amount of child support provided by the guidelines and the defendant may be paying above the amount of the guidelines because his earnings were never determined.
"A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Raines v. Freedomof Information Commission, 221 Conn. 482, 489, 604 A.2d 819
CT Page 241 (1992); Southern New England Telephone Co., v. Board of TaxReview, 31 Conn. App. 155, 160, 623 A.2d 1027 (1993). The court finds that the appeal was filed in a timely manner, within fourteen days of the decision being appealed. See General Statutes § 46b-231(n)(2). Furthermore, counsel certified that service of the appeal was made upon the plaintiff and defendant in accordance with Practice Book § 10-12 (formerly § 121). Transcripts of all the hearings before both Magistrate Alvord and Magistrate Lifshitz were also filed. Counsel for the plaintiff filed a memorandum of law on the issues presented in this appeal.
"The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of [the] court." (Internal quotation marks omitted.) Dacey v. Commission on HumanRigts Opportunities, 41 Conn. App. 1, 4, 673 A.2d 1177 (1996). A final judgment is one "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Metropolitan Life Ins. Co. v.Aetna Casualty Surety Co., 249 Conn. 36, 46, ___ A.2d ___ (1999). In the present case, instead of granting or denying the state's request for a continuance until such time as the defendant could present evidence of his earnings thereby allowing the court to enter permanent orders of child support, the magistrate marked the matter off advising the assistant attorney general to file whatever motions he deemed necessary. In effect, the magistrate made the temporary order permanent without consideration of the defendant's earnings. The court concludes that this action terminated a separate and distinct proceeding and is therefore subject to appeal.
General Statutes § 46b-231(n)(7) provides that "[t]he Superior Court may affirm the decision of the family support magistrate, or remand the case for further proceedings . . . or reverse or modify the decision . . . if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." CT Page 242
The two issues raised on appeal are: (1) whether a family magistrate has the power to enter "temporary" orders; and (2) whether a party must file a motion to modify where only a temporary order has been entered. As to the first issue presented, the plaintiff claims that Magistrate Lifshitz is relying on Greene v. Bynum, Superior Court, judicial district of New Haven at New Haven, Docket No. 255909 (February 26, 1996, Alander, J.), rev'd on other grounds, 46 Conn. App. 1,698 A.2d 334 (1997). This claim is based on opinions written by Magistrate Lifshitz. For example, in DeSenti v. DeSenti, Family Support Magistrate Division, judicial district of New Haven at New Haven, Docket No. 337837 (September 21, 1997, Lifshitz, F.S.M.) (11 S.M.D. 214), the magistrate held "that our practice rules and case law require that to change any order for child support, even if that order is designated "temporary" or "pendente lite," the full formalities provided in the statute and practice book must be observed. Therefore, there must be a full hearing to determine whether the moving party can prove a substantial change of circumstance or a substantial deviation from the child support guidelines. . . . There must also be a written motion to modify in order to clearly and fairly put all parties and the court on notice of the issues to be adjudicated." (Citations omitted.) Id.
General Statutes § 46b-231 was amended by several public acts[1] in 1997, 1998 and 1999. As a result of the amendments to the statute, General Statutes § 46b-231(b)(14), the definitional section, now provides the following: "`Support order' means a judgment, decree or order, whether temporary, final or subject to modification, issued by a court of competent jurisdiction, for the support and maintenance of a child, including a child who has attained the age of majority under the law of the issuing state, or a child and parent with whom the child is living, which provides for monetary support, health care, arrearages or reimbursement, and which may include related costs and fees, interest and penalties, income withholding, attorneys' fees and other relief." Family Support Magistrates have the power to hear and determine all motions for modification of child support. See General Statutes § 46b-231(m). Because the statute now sets forth a definition of "support order" and that definition includes the word "temporary", this court concludes that magistrates have the power to issue "temporary" orders. Magistrate Lifshitz failed to grant a continuance which would have enabled the parties to determine the defendant's earnings and provide a basis for issuing a child support order based on the child support guidelines. Thus, as to the first CT Page 243 issue presented, whether a magistrate may enter a temporary order, the court reverses the decision of Magistrate Lifshitz and remands the case to the family support magistrate division to enter an order of support based on the child support guidelines. By this point in time, the defendant presumably had sufficient time to collect ample documentation of his earnings such that a temporary order is no longer necessary.
The court's conclusion on the first issue determines the second issue as well. Simply stated, a party need not file a motion to modify a temporary order. The magistrate need only take the evidence presented and enter a support order.
Magistrate Lifshitz's discussion in DeSenti v. DeSenti, supra, 11 S.M.D. 214, also addressed the fact that an oral motion to modify is improper "where a party is given no written notice of or an opportunity to be heard on the request for modification." Id. The magistrate also found that "[i]t is also a violation of due process for a court to modify on its own initiative an existing child support order without notice to a party." Id. In the present case, all parties appeared in court each time a temporary order issued and they also appeared in court before Magistrate Lifshitz. Thus, the issue of notice, opportunity to be heard and possible due process violations are not at issue in the present case.
For the foregoing reasons, the decision of the family support magistrate is reversed and remanded with direction.
Devine, J.