[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Facts
On July 22, 1992, Ellen Brown of Hartford, Connecticut executed an affirmation of paternity concerning the paternity of her five minor children named Teron Smith date of birth May 11, 1992, Deron Smith date of birth May 11, 1992, Rebecca Smith date of birth December 6, 1990, Pauline Smith date of birth June 30, 1987 and Henry Smith date of birth July 20, 1989. The father of said minor children, Henry Smith, Sr., of Hartford, Connecticut, executed an acknowledgment of paternity concerning said minor children on July 28, 1992. Said documents were filed with the Hartford County Superior Court Clerk on August 11, 1992. On January 23, 1997, the plaintiff, Ellen C. Brown, through the Commissioner of Social Services, filed a paternity action against the defendant, Henry Smith. Said support petition was dismissed without prejudice by a Family Support Magistrate Matasavage on September 15, 1997. On December 16, 1997, the plaintiff, Ellen Brown, through the Commissioner of Social Services, filed a paternity action concerning the minor child Shantae Smith date of birth June 19, 1996, against the defendant, Henry Smith, Sr. Service was made on the defendant by abode service on January 20, 1998. On March 2, 1999, a judgment of paternity was entered against the defendant finding him to be the father of Shantae Smith date of birth June 19, 1996. On June 8, 1999, Magistrate Bethany Alvord ordered the defendant, Henry Smith, to pay temporary child support of $81.00 per week unallocated for the benefit of the parties six children. Magistrate Alvord further found the defendant, Henry Smith, in arrears for child support owed to the State of Connecticut in the amount of $12,025.00 as of June 8, 1999. Magistrate Alvord further continued the case to August 10, 1999, for permanent orders based on the defendant's finalization of full-time employment. Both the plaintiff, Ellen CT Page 390 Brown, and the defendant, Henry Smith, were advised in open court of the continuance date to August 10, 1999, for the court to enter final orders re: child support and payment on the arrearage.
On August 10, 1999, Magistrate Lifshitz continued the hearing to September 14, 1999. On September 14, 1999, the plaintiff, Ellen Brown, and the defendant, Henry Smith, Attorney Ronald Blanchette, an Assistant Attorney General for the State of Connecticut appeared on behalf of the Commissioner of Social Services. Attorney Blanchette indicated to the court that the parties were present with a guideline worksheet, financial affidavits and that both parties prepared to go forward for the court to enter permanent orders re: child support and payment on the arrearage. Magistrate Lifshitz refused to permit the parties to go forward and, according to the transcript of the proceedings, refused to have a hearing based on his position that a written motion to modify the order entered by Magistrate Alvord on June 8, 1999, was required.
As a result of the ruling of Magistrate Lifshitz the state filed an appeal on behalf of the plaintiff dated and filed on September 23, 1999. The state claims that the decision of Magistrate Lifshitz "is contrary to statute, an abuse of discretion, and significantly impairs the ability to expedite child support orders and lacks common legal sense." (Appeal petition, September 22, 1999, p. 1.)
 DISCUSSION
The first consideration for this court is whether the magistrates decision in this case presents a judgment or decision from which an appeal can be taken. General Statutes § 46b-231
(n)(1) provides that "[a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." The test for determining whether a claimant is aggrieved by a particular decision is two-fold: (1) the party claiming to be aggrieved must have a specific, personal, and legal interest in the subject matter of the decision, and (2) the party must show that this personal and legal interest has been specially and injuriously affected by the decision. Newman v. Newman, 235 Conn. 82, 103,663 A.2d 980 (1995). The court finds that the plaintiff and defendant are aggrieved for the purposes of this appeal because the magistrate's decision marking the hearing off based upon his CT Page 391 contention that any further orders required a new written motion and his refusal to hear the parties and review their financial affidavits as applied to the child support guidelines. Their interests are injuriously affected in that the plaintiff may not be receiving the amount of child support provided by the guidelines and the defendant may be paying above the amount of the guidelines because his earnings were never determined.
"A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Raines v. Freedomof Information Commission, 221 Conn. 482, 489, 604 A.2d 819
(1992); Southern New England Telephone Co., v. Board of TaxReview, 31 Conn. App. 155, 160, 623 A.2d 1027 (1993). The court finds that the appeal was filed in a timely manner, within fourteen days of the decision being appealed. See General Statutes § 46b-231 (n)(2). Furthermore, counsel certified that service of the appeal was made upon the plaintiff and defendant in accordance with Practice Book § 10-12 (formerly § 121). Transcripts of all the hearings before both Magistrate Alvord and Magistrate Lifshitz were also filed. Counsel for the plaintiff filed a memorandum of law on the issues presented in this appeal.
"The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of [the] court." (Internal quotation marks omitted.) Dacey v. Commission on HumanRights Opportunities, 41 Conn. App. 1, 4, 673 A.2d 1177 (1996). A final judgment is one "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Metropolitan Life Ins. Co. v.Aetna Casualty Surety Co., 249 Conn. 36, 46, ___ A.2d ___ (1999). In the present case, the magistrate refused to hear testimony from the parties and further refused to review their financial affidavits and apply them to the child support guidelines. He further found that a new written motion was required to modify the existing order. The court concludes that this action terminated a separate and distinct proceeding and is therefore subject to appeal.
General Statutes § 46b-231 (n)(7) provides that "[t]he Superior Court may affirm the decision of the family support magistrate, or remand the case for further proceedings . . . or reverse or modify the decision . . . if substantial rights of the CT Page 392 appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The two issues raised on appeal are: (1) whether a family magistrate has the power to enter "temporary" orders; and (2) whether a party must file a motion to modify where only a temporary order has been entered. As to the first issue presented, the plaintiff claims that Magistrate Lifshitz is relying on Greene v. Bynum, Superior Court, judicial district of New Haven at New Haven, Docket No. 255909 (February 26, 1996, Alander, J.), rev'd on other grounds, 46 Conn. App. 1,698 A.2d 334 (1997). This claim is based on opinions written by Magistrate Lifshitz. For example, in DeSenti v. DeSenti, Family Support Magistrate Division, judicial district of New Haven at New Haven, Docket No. 337837 (September 21, 1997, Lifshitz, F.S.M) (11 S.M.D. 214), the magistrate held "that our practice rules and case law require that to change any order for child support, even if that order is designated "temporary" or "pendente lite," the full formalities provided in the statute and practice book must be observed. Therefore, there must be a full hearing to determine whether the moving party can prove a substantial change of circumstance or a substantial deviation from the child support guidelines. . . . There must also be a written motion to modify in order to clearly and fairly put all parties and the court on notice of the issues to be adjudicated." (Citations omitted.) Id.
General Statutes § 46b-231 was amended by several public acts[1] in 1997, 1998 and 1999. As a result of the amendments to the statute, General Statutes § 46b-231 (b)(14), the definitional section, now provides the following: "`Support order' means a judgment, decree or order, whether temporary, final or subject to modification, issued by a court of competent jurisdiction, for the support and maintenance of a child, including a child who has attained the age of majority under the law of the issuing state, or a child and parent with whom the child is living, which provides for monetary support, health care, arrearages or reimbursement, and which may include related costs and fees, interest and penalties, income withholding, attorneys' fees and other relief." Family Support Magistrates CT Page 393 have the power to hear and determine all motions for modification of child support. See General Statutes § 46b-231 (m). Because the statute now sets forth a definition of "support order" and that definition includes the word "temporary", this court concludes that magistrates have the power to issue "temporary" orders. Magistrate Lifshitz failed to provide a hearing which would have enabled the parties to determine the defendant's earnings and provide a basis for issuing a child support order based on the child support guidelines. Thus, as to the first issue presented, whether a magistrate may enter a temporary order, the court reverses the decision of Magistrate Lifshitz and remands the case to the family support magistrate division to enter an order of support based on the child support guidelines.
The court's conclusion on the first issue determines the second issue as well. Simply stated, a party need not file a motion to modify a temporary order. The magistrate need only take the evidence presented and enter a support order.
Magistrate Lifshitz's discussion in DeSenti v. DeSenti, supra, 11 S.M.D. 214, also addressed the fact that an oral motion to modify is improper "where a party is given no written notice of or an opportunity to be heard on the request for modification." Id. The magistrate also found that "[i]t is also a violation of due process for a court to modify on its own initiative an existing child support order without notice to a party." Id. In the present case, all parties appeared in court when the temporary order was issued by Magistrate Alvord and they also appeared in court before Magistrate Lifshitz on September 14, 1999. Thus, the issue of notice, opportunity to be heard and possible due process violations are not at issue in the present case.
This court also notes that it has previously arrived at the same conclusion in the appeal in Johansen v. Encarnacion Docket No. 027867 Hartford Superior Court.
For the foregoing reasons, the decision of the family support magistrate is reversed and remanded with direction.
Devine, J.