[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Following hearings on July Ii, 2000 and August 22, 2000, Family Support Magistrate Bethany Alvord on August 22, 2000 granted the respondent Paul Turgeon, Jr. a downward modification of child support from $48 a week to $35 per week to be paid to the petitioner Judith Hanley-Turgeon. At the time of the order, Turgeon was on disability, current on his child support obligation, paying approximately $200 a month toward medical insurance for the child as ordered in the divorce judgment, and approximately $90 per week in social security dependency benefits were being paid directly to his daughter. According to Turgeon's financial affidavit dated August 22, 2000, Turgeon has a total weekly income of $320.23. When applying the child support guidelines, Turgeon's child support obligation is either 0 or $10.75 per week.[1] See Child Support Guidelines Worksheets dated July 11, 2000 and August 20, 2000 prepared by counsel for respondent.
On September 1, 2000, the respondent appealed the magistrate's order on the grounds that the magistrate's ruling was affected by error of law, clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, arbitrary or capricious, characterized by abuse of discretion, or was clearly an unwarranted exercise of discretion.
"The right to appeal from a family magistrate order to the Superior Court is created by § 46b-231 (n)." Sherman v. Sherman,41 Conn. App. 803, 806, 678 A.2d 9 (1996). General Statutes § 46b-231
(n) provides, in relevant part: "(1) A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section. (2) Proceedings for such an appeal shall be instituted by filing a petition . . . not later than fourteen CT Page 3154 days after filing of the final decision . . . or, if a rehearing is requested, not later than fourteen days after filing of the notice of the decision thereon. In a IV-D support case, such petitions shall be accompanied by a certification that copies of the petition have been served upon the IV-D agency . . . and all parties of record." The court finds that the respondent commenced his appeal in a timely fashion and that he also certified that the petitioner and the division of support enforcement were served copies of the appeal pursuant to General Statutes § 46b-231(n)(2).
The test for determining whether a party is aggrieved by a particular decision is twofold: (1) the party claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision, and (2) the party must show' that this personal and legal interest has been specially and injuriously affected by the decision.Newman v. Newman, 235 Conn. 82, 103, 663 A.2d 980 (1995). The court finds that the magistrate ordered the respondent to pay more than the child support guidelines suggest. Thus, the respondent's specific, personal and legal interest has been specially and injuriously affected. The Superior Court, therefore, has jurisdiction to consider this appeal.
The respondent argues that Magistrate Alvord did not modify his child support in accordance with the child support guidelines. The respondent further argues that Magistrate Alvord did not base the upward deviation from the child support guidelines on the deviation criteria. Additionally, the respondent claims that even if the magistrate did base her order on the deviation criteria, the upward deviation was not warranted because his assets are not substantial. The court relies on the transcripts of the July 11, 2000 and August 22, 2000 hearings before Magistrate Alvord and the exhibits submitted to the court on those dates.
General Statutes § 46b-215b (a) provides, in relevant part: "The child support and arrearage guidelines . . . shall be considered in all determinations of child support amounts and payment on arrearages and past due support. . . . In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support or payment on any arrearage or past due support to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case . . . shall be sufficient to rebut the presumption in such case." Additionally, the Supreme Court has held that a court must first determine on the record the amount of support indicated by the guidelines schedule before deviating from the guidelines. Favrowv. Vargas, 231 Conn. 1, 29, 647 A.2d 731 (1994). At the hearing, the respondent asked to pay child support in accordance with the guideline CT Page 3155 worksheet prepared by his attorney and filed with the court on August 22, 2000. The respondent presented the amount of child support he believed would be appropriate under the guidelines but, as discussed in footnote 1, he neglected to include in his income the $90 paid by social security as shown on the worksheet prepared by his attorney and filed with the court on July 11, 2000. The magistrate then deviated from that amount.
The magistrate found on the record that a modification downward to $35 per week was appropriate because the defendant was utilizing on average $150 per week From his 401K account to pay for the expenses he could not afford to pay utilizing just his income. While the magistrate did not expressly state that applying the guidelines would be inequitable and inappropriate, she did find "that it would be appropriate . . . for the [respondent] to devote 20% of that $150 a week towards child support as a minimum in the best interest of the child." (Transcript, p. 19.)
"The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties at the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) Simmons v. Simmons, 244 Conn. 158, 174-75, 708 A.2d 949
(1998). A valid reason for deviating from the child support guidelines is the best interests of the child. See Child Support and Arrearage Guidelines Regulations, § 46b-215a-3 (b)(6)(B). Given the testimony concerning the respondent's liberal usage of his 401K account, the magistrate did not err in taking the respondent's 401K account into consideration when determining what an appropriate amount of child support would be in the present case.[2] Furthermore, because the respondent's child support obligation according to the guidelines should be $10.75 per week as shown on the July 11, 2000 worksheet, the magistrate did not order an excessive increase when she deviated from the guidelines by rendering a decision that the respondent pay $35 per week. For the foregoing reasons, Magistrate Alvord's ruling is affirmed.[3]
Kenefick, J.